## PELHAM ET AL. *vs.* GRIGG ET AL.

The *obligation* required to be filed for the payment of costs, in certain cases, must be a *bond.*

A *bond* must arise upon a good and valid consideration, between persons capable of contracting, and be executed in the manner required by law.

An instrument under seal, without any *obligee* named, by which a person acknowledges himself bound to pay all costs which may accrue, is not sufficient under the statute.

DEBT, tried in the Benton Circuit Court, in May, A. D. 1841, before the Hon. JOSEPH M. HOGE, one of the Circuit Judges. Grigg & Elliott sued Pelham & Shepperd, and a writing under seal, signed by *Williamson S. Oldham,* was filed with the declaration, in these words: "The plaintiffs in this suit being non-residents of the State of Arkansas, I acknowledge myself bound to pay all costs which may accrue in such action." The defendants moved to dismiss the suit, for want of a bond for costs, it being admitted that the plaintiffs were non-residents. The motion was overruled, and final judgment entered for the plaintiffs. The defendants sued a writ of error.

*Walker,* for the plaintiffs.

The statute requires the non-resident plaintiff, or some responsible person for him, to " file an *obligation,* by which he shall acknowledge himself bound to pay all the costs which may accrue in such action." *Rev. St. p.* 201.

An obligation is " a bond of right, binding us to another to give or do or refrain from doing something." *Pothier on Obligation,* 2. " It is the essence of all obligations, that there be, 1st, a cause from

which the obligation arises; 2d, persons between whom it is contracted; 3d, something which is the object of it." *ib. p.* 4. In order to make a contract, there must be a *person* capable to contract, a *person* capable to be contracted with, a *thing* to be contracted for, and a *consideration.* 1 *Comyn on Con.* 3. The word *obligation* is a legal term, and has a fixed and definite meaning, and, in that sense, succeeding legislatures are presumed to have used it, when courts of law are called upon to give it a construction. *Coke Lit.* 172. The common-law meaning of an obligation is, " a bond with a penalty." *ib.* 172. This Court, at the July term, 1840, in the case of *Sabin vs. Hambleton,* said: " A *covenant* is defined to be an agreement between two or more persons, under seal," &c.

In Kentucky, upon a statute nearly similar, it has been decided, that the bond must be made payable to the defendant. *Hard. Rep.* 172. It is essential that it contain an accurate description of the cause of action, and of the parties; and that it be filed before the commencement of the suit.

Coke defines an obligation to be a bond with a penalty; and, in *Bac. Abr. title Obligation,* it is said that a " penal bond is an obligation, with a certain penalty mentioned in the bond, and debt is the only remedy." Debt would not lie on this instrument, and there is no penalty mentioned in it.

*Oldham,* contra.

It would be improper to name any particular person as obligee, because the statute contains no such provision; and we are not authorized to go beyond the law. The obligation cannot be made to the defendant, because, in no event is he responsible for the plaintiff's cost, until judgment is rendered against him, in favor of the plaintiff; it cannot be made to the officers of court, by name, because there may be witnesses and others equally interested, and who ought, by the same reasoning, to be made obligees.

The statute did not contemplate a common-law obligation; if it had, the person to whom the obligation should be made payable, would have been designated. It merely designed " an acknowledgment of some responsible person," &c.

Pelham et al. *vs.* Grigg et. al.

Although there is no person named as obligee, is not every person interested in the costs an implied obligee, and can he not institute suit thereon, in his own name, and recover from the obligor whatever costs may be due him? This view of the case will be confirmed by reference to the 33d section of the same statute, which provides that, in all cases where there is security for costs, in which the plaintiff shall be adjudged to pay the costs, judgment may be rendered against such security, on *motion of the party* entitled to such costs, notice of such motion being first given.

The obligation in this case is in conformity with the form prescribed by the rules of the U. S. Circuit Court for the District of Arkansas.

*By the Court,* DICKINSON, J.

The Court unquestionably erred, in not dismissing the plaintiffs' suit for want of a proper bond for costs. The plaintiffs in the action, being non-residents, were required to file, in the office of the Clerk of the Circuit Court in which suit was brought, the obligation of some responsible person, a resident of the State, who shall acknowledge himself bound to pay all costs which may accrue. *Rev. St.* 202. An obligation is a bond, and it must arise upon a good and valid consideration, between persons capable of contracting, and must be executed in the manner required by law. In this case, the party merely acknowledges himself bound to pay all costs which may accrue. Such an instrument is certainly not the kind of obligation contemplated by the statute. It contains no one requisite of a bond; at least, is fatally defective, as there is no obligee; and the instrument purporting to be an obligation, cannot be binding.

The judgment reversed; and the Circuit Court instructed to dismiss the cause, for want of sufficient security for costs.