## ARRINGTON vs. BURTON.

1. If an agent, having parol authority to fill up a blank to which his principal has simply signed his name, converts the blank into a sealed instrument, his principal is not bound by it.

ERROR to the Circuit Court of Greene. Tried before the Hon. Jno. D. Phelan.

Covenant by the plaintiff in error against the defendant, in a bond for sixty dollars, purporting to have been given for the hire of a negro. The circumstances under which the bond was executed sufficiently appear in the opinion.

MURPHY for plaintiff in error.

J. B. CLARKE, contra:

1. No one can fill up a blank in a sealed instrument, so as to bind a person who has signed his name simply to the blank without special authority to do so.—Manning & Adams v. Norwood, 1 Ala. 429; 2 Brock, 64; 17 S. & R. 438; 6 G. & J. 250; 7 Black. 413; 6 M. & W. 214-15.

2. One authorized to fill up a blank is a special and limited agent, and if he exceeds his authority, his principal is not bound. Story on Agency 115.—Fisher & Johnson v. Campbell, 9 Por. 210; Gullett v. Lewis, 3 Stew. 23.

PARSONS, J.—The contract was made between the defendant and the plaintiff's agent. At the time of the contract, the defendant was in the act of leaving for Virginia, and informed the agent, that he had left a blank with his signature, with Mr. Whitworth, who would sign as his surety, and requested the agent to fill it up for the hire according to the agreement; and the agent proved on the trial, that it was done accordingly, but stated expressly, that nothing was said about the character of the instrument, nor whether it was to be under seal or not. The bill of exceptions is rather obscure in some respects, but it is to be construed most strongly against the plaintiff in error. Our inference from it is that the blank was filled up so as to make it an instrument under seal, by the agent, in the absence of the defendant. It is clear that it did not bind him.

Let the judgment be affirmed.