## Case No. 2,854.

### CLARKE v. JANESVILLE.

[1 Biss. 98;[1] 4 Am. Law Reg. 591.]

District Court,[2] D. Wisconsin.  May Term, 1856.

#### RAILROAD BONDS AND COUPONS.

1. A bond under seal given by a city to a railroad company located in the same state cannot be sued in the federal courts, even by an assignee.

2. Interest coupons annexed to such a bond, and referring to it have no independent vitality, and, even though made payable to bearer, come under the same rule.

3. Such coupons are not negotiable paper. They are merely evidences of interest, and it is upon the bonds alone that the interest is recoverable, and action of assumpsit will not lie.

Declaration in assumpsit upon the common counts; to which the general issue was pleaded. In support of the issue on the part of the plaintiff were offered in evidence several bonds of the city of Janesville to the Rock River Valley Union Railroad Company, with coupons or interest warrants annexed. The bonds were issued in the year 1853, for one thousand dollars each, payable in twenty years, with interest at the rate of eight per cent. per annum. payable semi-annually, at the city of New York, signed by the mayor of the city, with the seal of the city annexed, and countersigned by the treasurer of the city. They are payable to the said railroad company or assigns, and on the day of their date they purport to have been assigned by the president of said company to ———, or bearer. Printed on the same sheet of paper, with each bond, are forty coupons, or interest warrants, each for forty dollars, for semi-annual interest, according to the condition of the bond. These coupons are signed by the treasurer of the city, and are made payable to the bearer, in regular succession of every six months. for twenty years. This suit is to recover the interest that had accrued on these bonds since their date.

To this evidence the defendant's counsel objected for several reasons, of which the following are here noticed. 1. These coupons or interest warrants have no legal validity independent of the bonds to which they are annexed, and they pass to the assignee of said bonds. 2. There is no law in this state empowering an assignee of a bond or specialty to maintain a suit in his own name. 3. This court has no jurisdiction of this cause, the jurisdiction being excluded by section 11 of the judiciary act of 1789 (1 Stat. 78). These bonds were issued in pursuance of an act of the legislature of Wisconsin. entitled "An act to incorporate the city of Janesville," approved March 19, 1853 (P. & L. Laws 1853, c. 93). By section

7 of said act, "the common council shall have power to submit to the legal voters the question, whether said city shall take stock in any railroad running to, or passing through said city. And if a majority of the votes cast on any such question be in favor of taking stock, then the common council shall, by resolution to be entered on the city records, authorize the mayor to subscribe for the city the amount of. stock voted to be taken." And by section 9, "the common council shall have power to issue the bonds of the city, with coupons or interest warrants attached, drawing not more than ten per cent. interest, to pay the stock so subscribed, and shall have power to levy a special tax on the taxable property in said city, to pay the interest on such bonds, and also the principal, when the same becomes due. But the common council shall not have power to dispose of such bonds for less than the face thereof." The Rock River Valley Union Railroad Company and the city of Janesville are corporations created by the laws of Wisconsin; and they are located and doing business in said state.

Browne & Ogden, for plaintiff.

Noggel & Rexford, for defendant.

MILLER, District Judge. The clause of the eleventh section of the judiciary act, in regard to the jurisdiction of the federal courts, is this: "Nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note or chose in action in favor of an assignee, unless a suit might have been prosecuted in such court, to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange." This section is restrictive of jurisdiction contemplated by the third article of the constitution of the United States, which provides that the judicial power shall extend to controversies between citizens of different states. The constitution has defined the limits of the judicial power of the United States, but has not prescribed how much of it shall be exercised by the circuit or district courts. These courts were created by statute, in pursuance of the constitution, and can have no jurisdiction but such as the statute confers. Sheldon v. Sill, 8 How. [49 U. S.] 441. It is well understood, by those experienced in the jurisprudence of the United States, that congress has conferred upon the federal courts but a portion of the jurisdiction contemplated by the constitution. This prohibition was inserted in the law for the purpose of relieving the federal courts, as much as possible, of enforcing local contracts; and also of preventing assignments of choses in action to non-residents, for the purpose of rendering a defense upon the merits or a set-off less available to defendants.

A suit might be sustained in this court, by the plaintiff against the defendant, to recover possession of these bonds in specie, or

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] In Wisconsin. the United States district court had, until the regular organization of the circuit court, in 1862, circuit court jurisdiction.

damages for their wrongful caption or detention; for this law has no application to such a suit by the assignee of a chose in action, but only to a suit or action to recover the contents. Deshler v. Dodge. 16 How. [57 U. S.] 622. So in Smith v. Kernochen, 7 How. [48 U. S.] 198, an assignee of a mortgage between parties of the same state, maintained ejectment against the mortgagor to recover possession of the mortgaged premises.

In Sheldon v. Sill, supra, it is decided, that a bond for a debt with a mortgage to secure it, is a chose in action; and that the assignee of a mortgage between citizens of the same state, cannot maintain a bill in chancery to foreclose, when the mortgagee cannot, because it is a suit to recover the contents of a chose in action. Nor have the federal courts cognizance of a suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such courts to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange. This restrictive clause is literally construed. Gibson v. Chew. 16 Pet. [41 U. S.] 315; Dromgoole v. Farmers' & Merchants' Bank, 2 How. [43 U. S.] 241.

It is contended that these bonds were intended for negotiation as promissory notes, and that they were so put in circulation by the assignment. In pursuance of the act of incorporation of the city of Janesville, these bonds were given to the railroad company, in payment of stock in said company, subscribed for by the city. The law did not require the railroad company to accept these bonds in payment of the stock; nor did it authorize them to be given to any particular person or corporation, or to be put in circulation as negotiable paper. The bonds might either be given to any person or corporation who would furnish their amount at par, as a loan to the city, or to the railroad company in payment of the stock. The act prohibited the common council from disposing of them for less than their face; thereby placing the city of Janesville, as a stockholder by means of these bonds on an equality with the other stockholders who paid in cash. And whether the assignment of the bonds is equitable or legal, the effect thereof, as to the assignee, in regard to the jurisdiction of the court, is the same. Sere v. Pitot, 6 Cranch [10 U. S.] 332. The assignment of these bonds is not to the plaintiff by name, but to ———, or bearer, leaving the space for their or any other names to be inserted. This may be proper in a financial point of view, to save the necessity of a formal assignment at each transfer. But these bonds are made to the railroad company or its assigns; and an assignment is necessary to pass them. The railroad company being a corporation created by the laws of this state, and located and doing business therein, cannot maintain a suit upon these bonds to recover their contents or the interest accrued on them, either in its own name or in that of an assignee.

When the plaintiff has a legal right to sue, the court will not inquire into the residence of those who may have an equitable interest in the demand, as in Bonnafee v. Williams, 3 How. [44 U. S.] 574, where it is decided that the court has jurisdiction where a note is made by a citizen of one state, and payable to another citizen of the same state or bearer, and the party bringing the suit is a citizen of a different state, although upon the face of the note it was expressed to be for the use of persons residing in the state in which the maker and payee lived. But in its inception, a bond should be made payable to some certain obligee, and cannot be made payable like a note or bill to bearer. [Ann. Dig. 1851, p. 70, § 63;] [3] Marsh v. Brooks, 11 Ired. 409. And the legal right to recover on a bond is in the obligee. Irish v. Johnston, 1 Jones [11 Pa. St.] 483. These bonds are under the seal of the corporation of the city, and are specialties, and not negotiable as bills of exchange and promissory notes, either by the law merchant or by statute. All interest in them, either legal or equitable, must pass from the obligee by assignment or endorsement. By the assignment of these bonds, the plaintiff may have acquired an interest in them sufficient to control them, and to receive their contents, but he cannot sue in his own name. There is no statute authority in this state for the assignment or transfer of a bond or specialty, whereby the assignee or holder may become the legal owner, and be enabled to sue in his own name. The law authorizing the execution, and delivery of these bonds, and the consideration expressed show the railroad company to be the legal obligee, which can be the only plaintiff in a suit upon them, either for principal or interest, in the absence of a law enabling an assignee to become a legal party. In the case of Irvine v. Lowry. 14 Pet. [39 U. S.] 293, the note in suit was made by Lowry, payable to Irvine or order, in the notes of the Lumbermen's Bank, and was endorsed to the bank. The supreme court in the opinion say, "The paper on which the suit is brought is not negotiable by the usage or custom of merchants. It is payable to order. The promise is to pay so many dollars, but not to pay any certain sum of money. It is a promise to pay the amount 'in the office notes of the Lumbermen's Bank at Warren,' which are not money, and, at most, a chattel. Not being a promissory note, either by the law merchant, or by the statute of Anne, or the kindred act of assembly of Pennsylvania, it is not negotiable by indorsement; and not being under seal, it is not assignable by the act of assembly on that subject relating to bonds. The bank, therefore, cannot sue in

---

[3] [From 4 Am. Law Reg. (O. S.) 591.]

their own name, by virtue of the endorsement of Irvine in blank; nor could they so sue if it was specially endorsed to them, because the legal right of action would still remain in Irvine, though the equitable interest in the thing promised may have passed to the bank."

So it is in this case, in the absence of a statute providing for an assignment of bonds, and for the assignee maintaining suit in his own name. The legal right of action remains in the railroad company, the obligee, though the equitable interest in the contents of the bonds may have passed to the plaintiff. ·

It may be said, that, although these obligations have been issued by a corporation having a seal, and which is thereto annexed, they should be considered as negotiable choses in action. But it is now well understood, that corporations can issue promises in writing to pay money, and can contract debts, without the use of their seal. The coupons call these papers certificates; but the law, authorizing the council to issue them, terms them bonds, and on their face they have the form of bonds. But let them be technically bonds or not, they can only be transferred by assignment.

This suit is in assumpsit upon these coupons, for the semi-annual interest payable before the date of the summons. The plaintiff has proceeded upon them as promissory notes or negotiable paper payable to bearer; and he contends that the law restrictive of our jurisdiction is not applicable to them. It is well settled, that this provision of law does not extend to notes payable to bearer; upon the ground, that the original promise is to pay any person, who may happen to be the bearer; and that as the interest in such a note passes by mere manual delivery, the holder cannot therefore be said to claim by virtue of an assignment, and is not affected by the disabilities of the nominal payee. Bullard v. Bell [Case No. 2,121]; Bank of Kentucky v. Wister, 2 Pet. [27 U. S.] 318. But is the original promise or obligation of the city of Janesville in these coupons? The charter of the city authorized the common council to issue bonds, with coupons or interest warrants annexed. In pursuance of that law, and a resolution of the common council, bonds were executed by the mayor, as the head and president of the council and corporation, under the corporate seal, for one thousand dollars each, payable in twenty years, with interest at the rate of eight per cent. per annum, payable semi-annually at the city of New York, with forty coupons or interest warrants attached to each bond, representing the interest condition of the bond.

The bonds are signed by the mayor and countersigned by the treasurer of the city. The coupons or interest warrants are signed by the treasurer alone; and they do not pur· port to be obligations of the city through the common council, but have a direct reference to the bond, using the word certificate, to which it is attached. There is no question, that by the face of the bonds, in connection with the coupons, the interest is recoverable semi-annually, as it becomes payable. The coupons are appendages to the bonds for con-. venience in receipting for interest paid, and also as evidence to the purchaser of the bonds of the non-payment of any previous interest; and they pass by assignment of the bond to which they are attached. They had no legal force or validity at their inception independent of the bonds; and it is upon the bonds alone that the interest is recoverable. They draw the attention of the court directly to the bond, to which they are attached, as the original contract. The bonds are special contracts of a city, in pursuance of a local law, for a local and specified purpose, which the court must disregard in pronouncing the coupons negotiable paper payable to anybody, and recoverable by the holder, while they continue annexed to the bonds.

For these reasons the evidence is rejected and the suit dismissed.

NOTE [from original report]. If the coupons are so made as to be separable from the bonds and negotiable, the owner can sue on them without producing the bonds, or being interested in them. Thomson v. Lee Co., 3 Wall. [70 U. S.] 327; Clark v. City of Janesville, 10 Wis. 136; City v. Lamson, 9 Wall. [76 U. S.] 477. Coupon disconnected from bond is not negotiable, unless such intention appears on its face. Myers v. York & C. R. Co., 43 Me. 232; Crosby v. New London, etc., R. Co., 26 Conn. 121. Coupons may be detached from the bonds which they accompany, and ·transferred or recovered on, without production of the bonds or showing title to them. National Exch. Bank v. Hartford, etc., R. Co., 8 R. I. 375; McCoy v. Washington Co. [Case No. 8,731]; Com. of Virginia v. Chesapeake, etc., Canal Co., 32 Md. 501; Burroughs v. Richmonu Co., 65 N. C. 234; Knox Co. v. Aspinwall, 21 How. [62 U. S.] 539; Murray v. Lardner, 2 Wall. [69 U. S.] 110; Thomson v. Lee Co., 3 Wall. [70 U. S.] 327. All persons must inquire into power of corporation to make contract and authority of its officers. Hodges v. Buffalo, 2 Denio, 110; Taft v. Pittsford, 28 Vt. 286; City of Leavenworth v. Rankin, 2 Kan. 357; Mayor, etc., of Baltimore v. Reynolds, 20 Md. 1; Wallace v. City of San Jose, 29 Cal. 180; State v. Kirkley, 29 Md. 85, 111; State v. Haskell, 20 Iowa, 276; City of Bridgeport v. Housatonic R. Co., 15 Conn. 475; Mayor, etc., of Baltimore v. Eschbach, 18 Md. 276; Dill v. Inhabitants of Wareham, 7 Metc. [Mass.] 438. Consult Mygatt v. City of Green Bay [Case No. 9,998]; Luling v. Racine [Id. 8,603]; Goedgen v. Supervisors of Manitowoc Co. [Id. 5,501], to appear hereafter in this series; and for a full citation of authorities on the question of municipal bonds, see Schenck v. Supervisors of Marshall Co. [Id. 12,449], to appear in subsequent volume of these reports.