JOSHUA W. McCOWN v. DANIEL G. WHEELER.

It is no objection to the recovery of possession of a deed belonging to plaintiff, and unlawfully detained by the defendant, that such deed is executed with a blank for the name of the grantee.

Error from Washington. Tried below before the Hon. R. E. B. Baylor.

Suit by defendant in error against plaintiff in error, alleging that on the 17th of June, 1853, plaintiff employed defendant to sell a certain tract of land, which plaintiff then owned, and placed in his possession a deed for said land from Lewis Hetzler, the original grantee ; " that the name of the grantee had been left blank in said deed, with instructions to fill up the same, when sold, with the purchaser's name ; that A. S. Ruthven purchased the same of Lewis Hetzler, and took the deed in blank, for convenience in making a transfer of the same, and sold the said land to your petitioner, and delivered the said deed to him, with like instructions to fill up the same with his name or any other he might sell to ;" that defendant was solvent when so employed, but had since become insolvent ; that defendant had not sold said land, and plaintiff feared, if he should sell said land, he, plaintiff, would not be able to obtain the purchase money from him ; that plaintiff had demanded said deed from defendant, and he refused to return it. Prayer for injunction, and for a return of the deed.

General demurrer and general denial. Demurrer overruled. Judgment for plaintiff, March 13th, 1857, that he recover the said deed, and order that defendant bring said deed into Court on or before the 25th of said month, and the preliminary injunction perpetuated.

Sayles, for plaintiff in error. The petition shows " no cause of action." The alleged conveyance from Hetzler was a nullity, and the deed so termed, a worthless piece of paper, not alleged to be of any value, and for the recovery of which no action

would lie. (Duncan v. Hodges, 4 McCord, 239; 4 Binn. 1; Bac. Abr. Title FEOFMENT, Vol. iv. 212; 2 Dev. & B. 381.)

*J. D. & D. C. Giddings*, for defendant in error. It is no defence to the action, for defendant to say the deed was in blank and void. It was not his paper.

A deed delivered to another, with instructions to sell and fill up the grantee's name, when such sale and delivery was made, would be valid.

WHEELER, J. It is objected to the judgment, that the plaintiff has shown no cause of action, because it appears by his averments, that the deed was left blank as to the name of the grantee. In Bacon's Abridgment, it is said, "If a blank piece of paper be signed, sealed and delivered, and afterwards an instrument be written over the signature, it is no deed, as there was nothing of substance in it. But a deed executed with blanks, and afterwards filled up and delivered by the agent of the party, is good. The blanks must not, however, be filled up after the acknowledgment." (4 Bacon, Abr. 212.) Whether the deed, upon the filling of the blank with the name of the grantee, would have been valid as a deed or not, it was of value to the plaintiff. For if so filled up and afterwards acknowledged by the grantor, it would have been good. And in a suit for specific performance by the plaintiff against his grantor, it would be admissible evidence of the contract of sale, though not operative as a deed. (Miller v. Alexander, 8 Tex. R. 36.) Upon proof of payment of the purchase money, and that the instrument was delivered to evidence a transfer of the title; with authority to fill the blank with the name of the grantee, the Court would decree a title. We are of opinion that the action was well maintained, (1 Wils. 106; 2 T. R. 708; 1 Bing. 45; 4 Taunt. 865; 16 Vermont, 697,) and that the judgment be affirmed.

Judgment affirmed.