CARROLL, Judge.
On a non-jury trial in an action in- the civil court of record in Dade County, the plaintiff obtained a judgment against the defendant in the amount of $3,189.90, plus certain costs, from which the defendant took this appeal.
The controversy arose out of a real estate sale. The appellant, a broker in the transaction, agreed to accept a commission of $3,000 on .the sale which involved a consideration of $103,500. Certain reluctance of the seller to enter into the sale contract because he was concerned over the possibility of incurring an obligation to pay a commission to another broker, was alleviated by the appellant broker indemnifying the seller in that regard. The indemnification was written into the sale contract.[1]
The sale was made pursuant to the contract, and the appellant received his $3,000 commission. Thereafter, another broker sued the seller for a commission and obtained judgment for $5,175, plus interest and costs. Thereupon the appellant broker, acknowledging an obligation under the indemnity agreement, but contending it was limited .to the amount he had received as a commission, returned his $3,000 commission. The seller then brought this suit against the broker on the indemnity agreement, alleging he had expended $6,721.75 in satisfying the other broker’s judgment and in the defense of that cause. The seller acknowledged receipt of $3,000 returned by the broker, and sought recovery of the balance he claimed, amounting to $3,721.75.
On appeal, the' appellant presented three 'points. The first was a contention that. the claim was barred by the statute of limitations. The determinative question there was whether the limitation period was five years, under a contract not under seal, or was the longer period applicable to suits based on instruments under seal. The sale contract was a 12 page document which at the end contained a recital that “the parties hereto have hereunto set their hands and seals,” etc. The signatures of the seller and the purchasers were followed by the word “(Seal).” The signature of the broker, which appeared thereunder was not followed by the word “seal.” On those facts we hold the document was a sealed instrument, and that in signing it the broker is presumed to have adopted the seals appearing thereqn. Cotten v. Williams, 1 Fla. 37; Thompson v. Williams, 1 Fla. 56; Bacon v. Green, 36 Fla. 325, 18 So. 870; Fourth Nat. Bank of Jacksonville v. Wilson, 88 Fla.. 48, 101 So. 29.
A second contention made by the appellant -is that the court committed error by rejecting testimony offered to show it was intended by the parties that .the indemnity agreement should not obligate the broker for more than $3,000, which -was the amount of his agreed commission. That contention is without merit. The trial court properly held- the indemnity contract was not ambiguous, and that no basis was furnished, to read into it an intention that the indemnity was limited to an amount, less than the usual 5% brokerage commission, which the other broker recovered. . ■
Appellant’s third contention was that there was no consideration to support *15 the indemnity agreement made by the broker. The record showed otherwise by disclosing that the seller was inclined against entering into the contract of sale, unless the broker would indemnify him against the possible added commission.
No reversible error having been made to appear the judgment is affirmed
Affirmed.

. “Seller agrees to pay to S. Megdall a real estate commission of the sum of $3,-000.00 for Ms services rendered in connection with obtaining the buyers in this . transaction; it is understood and agreed that in the. event of., default by the Buyers ancE the harrying forward'of this-purchase agreement that upon the same being forfeited that;the-real estate commission of S. Megdall ;shall be reduced to $1,500.00, which shalLbe" paid to hini 'in ' full settlement of any claim -which he may have by reason of the rendering of any services in connection with this within transactions; S. Megdall agrees to indemnify and save harmless the . Seller ; against the claim, or demand of any other real estate broker who may assert a claim against the Seller by r'eason of the . ( said Seller having sold the premises which .. is.,the subject máttér.of this to the Buy- ' ' ' ers', 'ea'Ch'dr éither of them.”' ■