Ruffin, Chief Justice.
 

 The instrument sued on is not, in the opinion of the Court, the bond of
 
 the
 
 defendant.
 

 When put into the hands of Frasier, it was not a deed, because it was imperfect and did not purport to oblige the payment of any sum of money. The parol authority to Frasier to fill up the blank with the sum that might be agreed upon as the price of the vessel, we think, is not a valid authority to deliver the paper, thus completed, as the deed of the defendant. Being executed in his absence it does not bind the defendant. The case of
 
 M‘Kee
 
 v.
 
 Hicks,
 
 2 Dev. 397, is directly in point. It is authoritative as a decision of this Court; and it must be admitted that the P°'nt was before, at the least, not clear on the side of the plaintiff. But upon reconsideration, we agree to the doctrine of that case as that of the common law. The ancient rule is certain, that authority to make a deed cannot be verbally conferred, but must be created by an instrument of equal dignity. It is owned, that there are modern cases, in which it seems to have been relaxed with respect to bonds. This began with the case of
 
 Texira
 
 v.
 
 Evans,
 
 cited 1 Anst. 229, note, on which all the subsequent cases profess to be founded. The Court is not satisfied with the reasons assigned for those opinions, but entertains a strong impression- that they lead to dangerous consequences. Because bonds are in frequent use as mercantile instruments and are negotiable, it seems to have been thought that they may be safely treated as if altogether of that character. If they can be filled up upon a verbal authority, the step is, indeed, a short one to allow the holder to do so; and a bond may be made by signing and sealing
 
 *383
 
 a blank piece of paper, as a promissory note may be by signing it. We think the difference is in the solemnity of the instruments. The danger of abolishing that distinction , , . , , . consists m the necessity, that would then arise, ot applying the rule as modified, to conveyances and deeds of every description, as well as to this particular kind, namely, bonds. No person will argue in favour of a deed of conveyance, in which the name of the bargainee, for instance, or the description of the land were inserted after execution by the vendor and in his absence, although done without corruption, and by some person whom he requested to do it. It would subvert the whole policy of the law, which forbids titles from passing by parol, and requires the more permanent evidence of writing and sealing. A bond is to be regarded as precisely on the same footing with any other deed. To make a bond out and out in the name of another, certainly requires a letter of attorney by deed. A verbal authority to
 
 seal
 
 a bond, is not sufficient. To make the instrument a different one in form and in substance from what it was, when the supposed obligor parted from it — to make it a sensible, and upon its face, an operative obligation to pay a certain sum out of a writing, which was altogether insensible, and did not bind the obligor to pay any sum — is essentially
 
 to make
 
 the bond. In none of the cases is it suggested, that such acts can be done by a stranger. But it is said, the party ought to be bound, because the words were inserted by his agent. That is assuming the position in dispute. There might be an agency'to receive the money or make the purchase, which would in law be sufficient, when there was not an agency to bind the principal by this form of security. The very question is, whether the person, who wrote out the bond and delivered it, was in fact and in law, the agent for that purpose. To determine it, we are obliged to recur to the rule of law, which defines what may create an authority to make a deed, and by what evidence that authority may be established, If it cannot legally exist without a deed, then he who had only a verbal authority, was not in law an agent for this purpose, though he might have been for others.
 

 
 *384
 
 We,think likewise that the defendant has not made it his bond by any subsequent act. If a deed be perfect in ^rame> there is no doubt the execution of it by one party, is good, and the instrument will not be invalidated by the execution of another p.arty to it, in the absence of the former. But where it is incomplete when executed, it is well settled that the insertion of the matter, which is necessary to perfect it, avoids it as a deed, as first executed and by force of that delivery, unless after the alteration there be a redelivery, or that which is tantamount to it. The case cited for the plaintiff,
 
 Hudson
 
 v.
 
 Reovelt,
 
 5 Bingh. 368, admits this; and determines only that filling up a blank in the presence of the party and by his assent, is in law a redelivery, contrary to the passage in Buller’s Nisi Prius, 267. We see no objection to that position. But it has no-application to the case at bar. Here, the defendant never saw the bond after it first came to the plaintiff’s hands. Nothing that he could say in the absence of it, could amount to the adoption of it as his deed — the essential requisite of delivery by Himself or by his attorney duly authorized, in its altered state, being wanting. But what the defendant did say, is certainly quite insufficient. It is simply an acknowledgment, that by parol he appointed Frasier his agent, first to buy the vessel, and secondly, to fill up the bond. The acknowledgment of those facts, establishes no more than the proof of them by witnesses would. They very clearly establish a case in which the plaintiff could recover the price of the vessel on the contract of sale. But they show only an insufficient authority to fill up and deliver the bond; and do not in the least, denote an intention of the defendant (if that would do) ta be bound by it as his bond; much less amount to a delivery of it as such. It is not, therefore, the deed of the defendant; and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.