## THEOPHILUS BLAND v. C. J. O'HAGAN.

A bond had been executed by the defendant, leaving the name of the obligee blank ; the bond was afterwards executed by others, and then the blank was filled with the name of the plaintiff, and the date was altered ; suit having been brought upon the bond, on the trial the plaintiff offered to show, " that the signers of the paper authorized him to fill the blank and make the alteration of date, or assented to what he had done :" *Held,* that, as parties who appeal from rulings below in regard to the evidence, must set forth in distinct terms the evidence rejected, so that this Court may pass upon its admissibility, and, as the proposition above did not show *the sort of evidence* tendered, there appeared to be no error in its exclusion.

(*Davenport* v, *Sleight,* 2 D. & B. 381 ; *Whitesides* v. *Twitty,* 8 Ire. 431 ; and *Marsh* v. *Brooks,* 11 Ire. 409, approved.)

DEBT, tried before *Jones, J.,* at Spring Term 1870 of PITT Court.

The plaintiff declared upon a bond for money, payable to

himself. It appeared that the name of the obligee had been inserted by one Haddock, to whom the defendant had handed it for other signatures, and for registration, after the defendant had executed it, having been in blank at that time, and that the date was also altered after that time. The plaintiff offered to show by Haddock that the signers of the paper authorized him to fill the blank, and make the alteration of date, or assented to what had been done. His Honor excluded the evidence, and the plaintiff excepted.

Verdict for the defendant; Judgment accordingly; Appeal by the plaintiff.

*Battle & Sons,* for the appellant.

The evidence offered would have shown that which was tantamount to a re-delivery; *Hudson* v. *Revett,* 5 Bing. 354 (15 E. C. L.); *Davenport* v. *Sleight* 2 D. & B., at p. 384.

*Hilliard,* contra.

DICK, J. The instrument sued on was not the deed of the defendant when it was handed to Haddock, as there was a blank as to the name of the obligee: *Marsh* v. *Brooks,* 11 Ire. 409.

Haddock could not perfect the instrument by filling the blank with the name of an obligee, unless he did so in the presence of the defendants, and with their express assent; or by a written authority under their hands and seals. After the blank was filled, and the alteration made in the date, if the instrument had been presented to the defendants, and they had ratified the act of their agent, and authorized the delivery of the instrument to the plaintiff, then it would have been a valid bond: *Davenport* v. *Sleight,* 2 D. & B. 381.

The plaintiff was bound to prove the due execution of the

instrument as the bond of the defendants, to entitle him to recover judgment. On the trial he offered to show by Haddock "that the signers of the paper authorized him to fill the blank, and make the alteration of date, or assented to what he had done."

This proposition was too general in its terms, as it might have included incompetent evidence; as, that the authority to the agent was by parol, or, that the assent of the defendant was given in the absence of the altered instrument. A party who offers evidence upon a trial ought to set it forth in distinct terms, so that the Court may pass upon its admissibility, and see that it is relevant to the matters at issue. When this is done, and the evidence offered is improperly rejected, an appellate Court can easily correct the error: *Whitesides* v. *Twitty*, 8 Ire. 431.

The evidence as offered was clearly inadmissible, and as. the plaintiff had the right and opportunity of presenting the matter in the strongest light which the facts of his case would justify, we must take it for granted that he was not prejudiced by the ruling of his Honor.

The judgment must be affirmed.

PER CURIAM.                              Judgment affirmed.