JOHN BARDEN *v.* DANIEL SOUTHERLAND.

A bond signed by the defendant before the name of the obligee or the amount thereof is inserted, is not the deed of the defendant, and cannot be recovered, although several payments have been made thereon.

(*Bland* v. *O'Hagan*, 64 N. C. Rep. 471, cited and approved.)

CIVIL ACTION, commenced in a Justice's Court, and carried by appeal to the Superior Court of DUPLIN county, where it was tried before *Clarke, J.*, at Spring Term, 1873.

The plaintiff, as assignee, brings his suit on the following bond:

" $300.        One day after date, we or either of us, promise to pay Wells Boney or bearer, three hundred dollars, for value received.

SOUTHERLAND & BLACK,    [SEAL.]
DANIEL SOUTHERLAND,    [SEAL.]
D. HOWELL.        [SEAL.]

August 26th, 1852."

On this note or bond were endorsed the following payments:
" Received on the within note seventy-five dollars.
Oct. 14th, 1856.            WELLS BONEY."

"Received on the within note, one hundred dollars, 17th February, 1859."

"Received on the within note, one hundred dollars, July 7th, 1859."

Also the name of " L. A. Merriman " as endorser.

The above bond was signed and sealed by the defendant, the name of the obligee, " Wells Boney " and of the sum of " three hundred dollars" being blank, as the surety of Southerland & Black, at the solicitation of the senior member of that firm, and it was taken by said Southerland, of the firm of Southerland & Black, so signed, to Wells Boney, and after agreement with him as to the sum, &c., the name of Wells Boney was inserted as obligee, and the words '' three hundred dollars," as the sum in said bond filled up and delivered to the said Wells Boney, who gave the money upon it. The defendant was not present, nor did he see said bond, or do any act relating thereto after signing and delivering the said bond, until just prior to the commencement of this action, when the plaintiff demanded payment and was refused.

The payments were made as endorsed. The bond was passed by the obligee, Wells Boney, just prior to the beginning of this action, to L. A. Merriman for value, and by him endorsed to the plaintiff. The defendant pleads that the bond is not his bond; that having signed and sealed it when there was no obligee, nor sum mentioned, which were inserted after the signing and sealing and in his absence, that the same is void.

There was a judgment for defendant in the Justice's Court. In the Superior Court the judgment was reversed, and the defendant appealed.

No counsel in this Court for appellant.

*Allen* and *Smith & Strong*, contra.

RODMAN, J. This case so closely resembles *Bland* v. *O'Hagan*, 64 N. C. 471, in all material respects, that the

34

reasons given there may be taken as for the reasons of our de-
cision now.   The bond is not the deed of the defendant.

It may be, that when the Legislature made bonds nego-
tiable, it would have been well if the Courts had interpreted
the act, as putting them in all respects on the footing of pro-
missory notes.   They did not do so, but continued to regard
them in all respects, except so far as they were directly affected
by the act, as instruments under seal, requiring delivery to a
certain obligee, &c.   We do not feel at liberty to reverse so
long a series of decisions, because we could not do so without
injury to those who have acted upon the presumption that
they declared the law.   If any change is desirable it must
come from the Legislature.

PER CURIAM.   Judgment below reversed, and judgment for
defendant.