MERCHANTS BANK & TRUST CO. v. JOHN L. WIMBISH ET AL.

(Filed 17 November, 1926.)

**1. Deeds and Conveyances—Principal and Agent—Parol Authority to Fill in Blanks.**

In order to create a valid agency to sell land and make a conveyance, there must be a writing under seal creating the agency, and where a deed has been duly executed excepting the amount of the consideration and the name of the grantee, and delivered to another to fill in the blanks when a purchaser was found, the authority thus conferred would rest in parol, and therefore the deed thus made would be invalid as a deed.

**2. Same—Equity—Contracts to Convey Lands.**

While a deed with the amount of consideration and the name of the grantee left out to be filled in by an agent upon his finding a purchaser, will not when so filled out operate as a deed, it is in equity enforceable by the purchaser so found, and upon the filling in of the blanks is a valid contract to convey.

APPEAL by defendants, Wimbish and wife, from *Raper, Emergency Judge,* at February Term, 1926, of FORSYTH.

The plaintiff brought suit and filed a creditors' bill to set aside certain conveyances of land executed by the appellants to their codefendants Hanes and Mackie. There were six issues; the last three were not answered; on the first three the verdict was as follows:

1. Were the paper-writings from John L. Wimbish and wife, Riddie E. Wimbish, to the property described in said paper-writings, recorded in Deed Book 187, pages 103 and 104, office of the register of deeds of Forsyth County, North ·Carolina, delivered to the defendant, Frank. W. Hanes, in blank, and before the names of the grantees named in said paper-writings were inserted therein, as alleged in the complaint? Answer: Yes.

2. Was the paper-writing from John L. Wimbish and wife, Riddie E. Wimbish, to the property described in said paper-writing, recorded in Deed Book 187, page 102, office of the register of deeds of Forsyth County, North Carolina, delivered to the defendant, Farms Development Company in blank and before the name of the grantee named in said paper-writing was inserted therein, as alleged in the complaint? Answer: Yes.

3. Was the paper-writing from John L. Wimbish and wife, Riddie E. Wimbish, to the property described in said paper-writing, recorded in Deed Book 193, page 44, office of the register of deeds of Forsyth County, North Carolina, delivered to the defendant, J. H. Mackie, in blank and before the name of the grantee named in said paper-writing was inserted therein, as alleged in the amended complaint? Answer: Yes.

It was thereupon adjudged that the written instruments referred to in the first and third issues were void and should be set aside only to the extent of authorizing execution on judgments previously given against Wimbish in favor of the Merchants Bank and Trust Company and other creditors named in the judgment, and that as the Farms Development Company had not been made a party the court had no jurisdiction to render judgment on the second issue.

The defendants Wimbish and wife tendered a judgment providing for the total and unlimited annulment of the instruments referred to in the second and third issues and for their cancellation of record; providing also that the tracts be sold separately and that no more land be sold than was necessary to pay certain judgments therein set out. The trial judge declined to sign this judgment. Wimbish and his wife excepted to the judgment signed and to the court's failure to sign the judgment tendered and appealed to the Supreme Court.

*J. E. Alexander and L. M. Butler for the plaintiff.*

*Wallace & Wells and Manly, Hendren & Womble for John L. Wimbish and his wife.*

ADAMS, J. The only appellants are John L. Wimbish and Riddie E. Wimbish, his wife. Conceding the right of the plaintiffs to have the deeds set out in the first and third issues canceled and to have execution issued on the judgments, the appellants prosecute the appeal against their codefendants.

It is alleged in the complaint that these deeds when signed by Wimbish and his wife were blank as to the grantees; that they were to be held in escrow by Hanes until purchasers of the property were found; that the names of the purchasers were then to be inserted and the deeds delivered; that Hanes inserted his own name as grantee in two of the deeds and Mackie's in another. The appellants admit these allegations and say that the pretended conveyances are void and that they should be canceled unconditionally. The other defendants join issue and contend that the deeds convey a good title. It will be seen, then, that the appeal involves a controversy between the defendants, the question being whether the position of the appellants can be maintained, or whether the judgment they tendered should have been signed.

There is an unbroken line of our decisions which hold that a bond signed and sealed in blank is incomplete and that authority to make a deed cannot be conferred verbally, but must be created by an instrument of equal dignity. The first of these cases is *McKee v. Hicks,* 13 N. C., 379, in which it is said that if an instrument with a seal to it is not completely executed by signing, sealing, and delivering, it cannot be made complete by any act of an unauthorized agent. Approving this decision *Chief Justice Ruffin* remarked: "No person will argue in favor of a deed of conveyance in which the name of the bargainee, for instance, or the description of the land, were inserted after execution by the vendor and in his absence, although done without corruption, and by some person whom he requested to do it. It would subvert the whole policy of the law, which forbids titles from passing by parol and requires the more permanent evidence of writing and sealing. . . . But it is said the party ought to be bound, because the words were inserted by his agent. That is assuming the position in dispute. There might be an agency to receive the money or make the purchase, which would in law be sufficient, when there was not an agency to bind the principal by this form of security. The very question is, whether the person, who wrote out the bond and delivered it was in fact and in law

the agent for that purpose. To determine it, we are obliged to recur to the rule of law which defines what may create an authority to make a deed, and by what evidence that authority may be established. If it cannot legally exist without a deed, then he who had only a verbal authority was not in law an agent for this purpose, though he might have been for others." *Davenport v. Sleight,* 19 N. C., 381. In *Graham v. Holt,* 25 N. C., 300, the Court in an opinion by *Daniel, J.,* again approved the principle: "The notion with us has always been, what we learned from Co. Lit., 52(a), and the Touchstone, 57, that he who executes a deed as agent for another, be it for money or other property, must be armed with an authority under seal. *McKee v. Hicks,* 13 N. C., 379; *Davenport v. Sleight,* 19 N. C., 381. The insertion of the sum in the blank space was intended to consummate the deed; it was done without legal authority, and the instrument is void as a bond." Similar opinions are expressed in many of the later decisions, among them, *Marsh v. Brooks,* 33 N. C., 409; *Bland v. O'Hagan,* 64 N. C., 471; *Barden v. Southerland,* 70 N. C., 528; *Cadell v. Allen,* 99 N. C., 542. In some of these cases the instrument under consideration was a bond and not a deed, but as said by *Battle, J.,* in *Blacknall v. Parish,* 59 N. C., 70, the principle is the same.

The defendant in the case last cited desiring to sell his land prepared a deed purporting to convey the title in fee, but left blanks as to the price and the name of the grantee. He authorized another person to fill the blanks and to deliver the deed when such person found a purchaser. The plaintiff bought the land and the agent filled the blanks and delivered the deed. The court concluded that while the instrument could not operate as a deed it was enforceable as a contract for the conveyance of land and that the plaintiff was entitled to a decree for specific performance. It is clear, then, that the trial judge made no error in signing the judgment appearing of record and in refusing to sign the one tendered by the appellants. True, the rights of the defendants *inter se* are yet undetermined, but no issues were submitted or tendered as to the controversy between them, presumably because the property will be exhausted in payment of the judgments against Wimbish. We find

No error.