Bowen and others *against* Newell impleaded with others

A draft for money payable at a day which is subsequent to its date is a bill of exchange, and entitled to days of grace.

The distinction between a *bill* and a *check*, is that the former is not payable on demand, while the latter is. It does not depend upon the question whether drawn upon a bank or banker.

Whether days of grace are to be allowed depends upon the question whether the instrument is payable on demand, or at a future day.

The usage of banks in Connecticut to regard drafts drawn upon them payable at a day certain as checks and not entitled to days of grace, is inadmissible as evidence to control the rules of law in relation to such paper.

This was an action brought in the superior court of the city of New York by the plaintiffs as holders, against the defendants Searls as drawers and defendant Newell as endorser of an instrument of which the following is a copy:

" $2,000·00.
                                        " New York, October 5th, 1849.
        " Cashier of Thomson Bank—
" pay Zenas Newell or order two thousand dollars on the
· 12th inst.
                        (Signed,)    " B. Searls & Son.
                        (Endorsed,)  " Zenas Newell."

The Thomson Bank was an incorporated bank at Thomson, in the state of Connecticut. The drawers and endorsers of the draft lived in New York, and it was negotiated by the drawers on the day of its date to the plaintiffs, who sent it to the Thomson Bank, where it arrived the 8th of October, and remained until the 12th, when it was presented for payment; payment was refused for want of funds of the drawer, the draft protested and notice given to the drawers and endorsers. The action was tried before a referee, who, in his report, found that the drawers had kept an account at the Thomson Bank, made

deposits in it and drew checks upon it: that it had been the uniform usage of the bank to pay checks, or instruments in the form of the one in question on the day specified in them for the payment thereof, if presented on that day and the drawer had funds to pay them, and if not paid on a demand of payment on that day, to protest them on that day for nonpayment, and notify the drawers and endorsers thereof, and that such is and has been the uniform usage of the banks of the state of Conneticut. He thereupon decided that the instrument in question was a check, payable on presentment on the 12th of October, 1849, and not entitled to days of grace, and that not being paid when it was presented on that day, it was properly protested on that day: that it was not necessary to present it for acceptance, and if not accepted to protest it for nonacceptance: that, according to the usage of the bank, it was properly demanded and protested on the 12th, and that in judgment of law the parties to it agreed to be governed by the usage of the Thomson Bank in that respect, and were controlled by it. Judgment against the defendants for the amount due on the draft was entered upon the report of the referee, which was affirmed by the superior court at general term in December, 1851. The defendant Newell appealed therefrom to this court.

*C. T. Porter* for appellant insisted, 1, That the instrument was a bill of exchange, and being payable at a future day certain, was by the law merchant entitled to days of grace: that they attach to all commercial paper not payable on demand: that it is essential to a check that it should be payable on demand immediately at its date, and that it is always supposed to be drawn on funds in the hands of the drawee: that checks are never due until payment is demanded, and never over due: that days of grace are denied to checks, not because they are drawn on banks, but solely because they are payable on demand: that it is of the essence of a check, not to be drawn upon a bank, but

to be payable on demand. *Harker* v. *Anderson*, 21 *Wend.*
373; *McCullock's Dic. of Com. title Check;* *Elting* v.
*Brinkerhoff*, 2 *Hall*, 463; *Cruger* v. *Armstrong*, 3 *J. Cas.* 9;
*Boehm* v. *Sterling*, 7 *Term*, 430; *Cruger* v. *Armstrong*, 3
*Johnson, Cas.* 7; *Murray* v. *Judah*, 6 *Cowen*, 490: that a
check on a bank is not distinguished from other bills pay-
able on demand by being drawn on a previous deposit of
funds, for the theory of bills always is that they are drawn
against the drawer's funds in the hands of the drawee, and
particularly so in the case of bills payable on demand.
*Luff* v. *Pope*, 5 *Hill*, 417; *Little* v. *Phœnix Bank*, 2 *Hill*
425.)

II. The referee erred in deciding that according to the
usage of the Thomson bank the draft was properly de-
manded and protested on the day mentioned for payment
without allowing days of grace. The evidence of usage
was offered, not to explain an ambiguity, but to contradict
a settled rule of law, and to vary the legal construction
and effect of a written instrument. Such evidence was
never allowed to control a settled rule. (*Tassell* v. *Lewis*,
1 *Ld. Ray.* 743.)

*A. Child* for respondents. The determination of the
question whether this instrument is a bill or a check de-
pends not merely upon its form, but upon its properties,
and the offices which it is intended for. The office of a
bill is to transmit funds from one country to another, or
from one place to another in the same country. Though
in theory drawn against funds it is ordinarily drawn in
conformity to a previously arranged credit. It contem-
plates that the drawee may not always be ready to make
the payment at the specified day, and for that reason days
of grace are allowed. (*Chitty on Bills*, 1, 4, 5, 12, 14 *and*
407; *Story on Bills*, § 333.) It does not operate as an abso-
lute appropriation of the money for which it is drawn. (2
*Ed. Ch. R.* 430.) The drawer is a mere surety that the
bill shall be accepted and paid, and is not liable as the

Bowen *against* Newell.

principal debtor. The office of a check is to promote convenience both as respects money accounts and the mode of making payments. (*Story on Prom. Notes*, § 487.) It is always drawn on a bank or banker, against deposits made. (3 *Kent Com.* 104, *note to* 6th ed.; *Harris* v. *Clarke*, 3 *Com.* 93; *Story on Prom. Notes*, §§ 487 *to* 489; *Chitty on Bills*, 545, 548.) It is drawn to be paid on presentment, according to its terms, not necessarily on demand *in form*, but on presentment *in fact* at or at any time after the day named. Unlike a bill, it does not contemplate an acceptance by the bank, or circulation. The reason for days of grace in the case of bills, that the drawee may not always be ready to meet them, does not apply to a check, as the bank, which is a depository of the drawer's money, is presumed to keep the funds always ready. It is an appropriation upon presentment or notice to the bank, of a sum of money in the bank for the payee, which it has been shown a bill is not. The instrument in this case is in form what the parties intended it to be in fact, a bank check; and the insertion of a day of payment does not, according to the universal usage, change its character; the insertion of a day of payment being merely a direction as to the time of its presentment and payment, and is the same as if dated on that day. The universal usage is to treat an instrument of this description as a check. (*In matter of Brown*, 2 *Story Rep.* 502.) The principle of the decisions as to post dated checks, which are held to be checks and not bills, applies equally to it, and shows that its nature and office, and not its form determine its character.

The question whether days of grace were to be allowed was determinable by the usage of the Thomson bank. The allowance of days of grace is merely matter of custom, and varies according to the place of payment. (*Chitty on Bills*, 409; *Story on Bills*, §§ 333 *to* 336.) The admissibility and controlling effect of such a custom has been definitely and judicially settled in the supreme court of the United States. (*Bank of Washington* v. *Triplett*, 1 *Pet.* 25; *Mills*

SEL. IV.—25.

v. *The Bank of the U. S.* 11 *Wheaton,* 430; *Renner* v. *The Bank of Columbia,* 9 *Wheaton,* 581.) The objection that the testimony to show the usage of the bank is inadmissible because it seeks to vary a written contract, destroys the whole foundation of the argument. It is by proof of usage to vary the written contract that grace is allowed at all.

JOHNSON, J., delivered the opinion of the court. The main question in this case is, whether an instrument in the following form is or is not entitled to days of grace:

> "New York, October 5, 1849.
> "Cashier of Thomson Bank, pay Zenas Newell or order two thousand dollars on the 12th inst.,
>           (Signed,)    "B. SEARLS & Co.
>           (Endorsed,) "ZENAS NEWELL."

The Thomson Bank is in Connecticut. Whether days of grace are to be allowed upon this instrument does not depend upon its being drawn upon a bank, for in that case the rule would be general, and deny grace to all bills drawn upon banks. The contrary was adjudged in respect to a bill drawn at sixty days after date in *Woodruff* v. *Merchants' Bank,* (25 *Wendell,* 673; *S. C. in error,* 6 *Hill,* 174.) I do not see what difference in the legal rights of the parties it would have made if the check in suit had been worded "seven days after date" instead of saying "on the 12th inst.," and yet if it had borne those words there would have been no possible ground for distinguishing the case from *Woodruff* v. *The Merchants' Bank.* No case has been cited to the contrary, except *In the matter of Brown,* (2 *Story,* 502.) In that case, however, Judge Story puts his opinion upon a variety of grounds beside this, and upon this his opinion does not seem to me capable of being sustained. He says, "The argument pressed is, that checks are always payable on demand, and that when payable at a

future time they become inland bills;" and after saying that "a check is not less a check for being post dated," (with which *Mohawk Bank* v. *Broderick* agrees, 13 *Wend.* 133, *S. C.* 10 *W.* 304,) he adds, "It is commonly though not always payable to the bearer, but I conceive it to be *still a check if drawn on a bank or banker*, although payable to a particular party only by name, or to him or his order. It is usually, also, made payable on demand, though I am not aware that this is an essential requisite. The distinguishing characteristics of checks as contradistinguished from bills of exchange are, (as it seems to me,) that they are always drawn upon a bank or banker: that they are payable immediately on presentment, without the allowance of any days of grace; and that they are never presentable for acceptance, but only for payment." Of all these characteristics, the only one that can serve any purpose in determining whether any particular instrument is a check or a bill of exchange is that it is drawn upon a bank or banker. The others may or may not be legal qualities which belong to checks after they are ascertained to be checks, but do not aid in determining their character. The citations from Kent's Commentaries in the same opinion, are merely to the same effect, and the case on this branch of it is after all put upon the statement that by the usage of banks and the understanding of parties, such instruments are always treated as payable on the very day designated as the day of payment. We have, however, seen by the law of this state, as expounded in the court for the correction of errors, that conceding any instrument to be a check which is drawn upon a bank, it does not therefore possess the quality of being payable on the day when, by its face, payment is to be made, but that unless it be payable on demand, it has days of grace.

The usage which was proved in this case ought to have been excluded, in accordance with *Woodruff* v. *The Merchants' Bank*. The judgment of the superior court and of

the referee should be reversed, and a new trial ordered, with costs to abide the event.

RUGGLES, Ch. J., GARDINER, JEWETT, MASON and WILLARD, JJ., concurred in the opinion of Judge Johnson.

MORSE, J., was in favor of affirming the judgment of the superior court.

TAGGART, J., gave no opinion.

Judgment reversed and new trial ordered.