## Bowen and others *against* Newell.

An instrument drawn upon a bank, requesting the payment of money on a day subsequent to its date, is not a check, but a bill of exchange, and is subject to days of grace.

Evidence of the *usage* of banks in another state, where such bill is payable, is not admissible to show that by the law of that state the instrument would receive a different construction from that prevailing here.

THIS action was brought to recover of Zenas Newell, as indorser, the amount of an instrument in the following words:

"New York, Oct. 5, 1849.

"Cashier of Thompson Bank, pay Zenas Newell or order two thousand dollars on the 12th inst.

(Signed)        "B. Searls & Son.

(Indorsed)       "Zenas Newell."

The Thompson Bank was an incorporated bank in the state of Connecticut, doing business there, and the instrument was presented at that bank for payment on the 12th of Oct., and payment being refused, was on the same day protested, and due notice of such protest was given to the defendant. It was proved on the trial (an objection to the testimony made by defendant's counsel being overruled) that it had been the uniform usage of the Thompson Bank to pay instruments of the form of the one in question on the day specified in them for the payment thereof, if presented on that day and the drawer had funds; and if not paid on demand on that day, to protest them on that day and notify the drawers and indorsers; and that such was the uniform usage of the banks in Connecticut.

The Superior Court of New York gave judgment for the plaintiff, on the grounds both that the instrument was a check, not subject to days of grace, and was therefore properly demanded and protested on the 12th of October; and that by the usage of the banks in Connecticut it was so payable, and therefore properly demanded and protested. The Court of Appeals reversed the judgment, and ordered a new trial: *Holding*, that the instrument in question was not a check, but a bill of exchange, and subject to days of grace.

That evidence of the usage of the banks in Connecticut was not admissible, to show that by the law of that state, the instrument would receive a different construction from that which would be given to it in this state.

(S. C., 5 Sandf. 326; 2 Duer, 584; 8 N. Y. 190; 13 id. 290.)