By the Court, Monell, J.
The motion for a nonsuit, "on the ground that the contract was void as being within the statute of frauds, was properly overruled»
*424 The complaint alleged that “ on the 28th of Match, 1865, the plaintiff and defendant entered into an agreement, signed by the defendant, whereby," &c., and the answer admitted-that he (the defendant) signed and executed a contract for the sale, &c. as alleged in the complaint.” Under this allegation and admission, no further proof of a contract was necessary, and its Introduction on the trial was superogatory. It was -sufficiently admitted by the answer, and the plaintiff could safely have rested his case, without producing the written "agreement. In that case no question could have arisen under the statute of frauds. The averment that the parties had made ah agreement, was a sufficient averment of a valid contract.
• But the introduction, at the trial, of the paper signed by the defendant only, did not help the defendant to raise the question. There is no averment in the answer that the contract was not signed by both parties, nor was there any proof, on the trial, that the plaintiff had not signed and delivered a similar -paper to the defendant. The statute does not require that both parties shall sign one paper containing the contract, but each party must subscribe, and the subscription may be upon separate papers. An offer and acceptance, and bought and sold notes, are familiar illustrations of this species of contract. The seller signs a paper stating that he has sold to the purchaser, and the purchaser signs another paper, stating that he has bought of the seller. Such contracts are not affected by the statute of frauds.
From any thing appearing to the contrary, the paper introduced in evidence was not a “sold note,” the “bought note ” being in the defendant’s possession.
We think,-however, the referee erred in allowing the dividend as part of the damages. It had been declared before the sale, and, although .not payable until after the day fixed for the delivery of the stock,'belonged to the defendant, and did not pass to the plaintiff under the contract. Dividends are not afl. incident to stock, so as to pass with the" stock. Unlike interest,- they are not earned by the money represented in the stock, but by the corporation.; and are divided among the *425 shareholders, and may he sold or assigned without parting with the stock.
Some evidence was admitted of a custom of brokers, by which dividends, declared but not paid, belong to the purchaser. I do not think such a custom could alter well settled principles applicable to the law of contracts.
Custom may be incorporated with a contract and become a part of it, where it appears to have been the intention of the parties that it should be, and where it can fairly be inferred that the parties contracted with reference to it. So custom may control or vary the meaning of words ; and when long established, may add to the terms of a contract. But under' a contract to sell 100 shares of stock, a custom that something more passes to the purchaser, cannot be allowed. It varies the agreement by adding to it, and it would not be merely an explanation or interpretation of it.
The cases of Dykers v. Allen, (7 Hill, 497;) Bowen v. Newell, (8 N. Y. Rep. 190,) and Wheeler v. Newbold, (16 N. Y. Rep. 392,) are authorities against the admissibility of such a custom.
The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event; unless the plaintiff stipulates in writing, within ten days from the entry of this order, to deduct from the judgment $507.36, being the amount of the dividend, and interest thereon. Upon so stipulating, the judgment, as reduced, to be affirmed, but without costs.