RICHARD A. CULTER *et al.*

*v.*

HUGH W. REYNOLDS *et al.*

BANKER'S CHECK—*whether entitled to days of grace.* A check drawn by one party upon another payable to a third person, due thirty days after date, was held, in a suit by the drawee against the drawer, to be entitled to days of grace. By a fair construction of the act of 1861, "to provide for uniformity in calculating days of grace," etc., such a check payable on a day subsequent to that of its date, is entitled to days of grace. And it seems, independent of the statute, the same rule would apply.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

This was a suit originally brought before a justice of the peace, by Richard A. Culter and Henry Sandmeyer against Hugh W. Reynolds and Henry Nolte, as partners, doing business under the name of the Peoria Paper Company, on a check drawn by said Peoria Paper Company on S. Pulsifer &

322      Culter *et al. v.* Reynolds *et al.*     [Sept. T.,

Opinion of the Court.

Co., for $306.56, dated July 6th, 1870, and payable to Culter & Sandmeyer in thirty days after date. Summons issued August 6th, 1870, returnable August 11th, 1870. In the justice's court, judgment by default was rendered against the defendants for the sum of $300, the amount indorsed on the summons, and costs. The defendants appealed to the circuit court, and there the suit was dismissed at the plaintiffs' costs.

Mr. F. W. Voigt, and Messrs. McCulloch & Stevens, for the plaintiffs in error.

Mr. J. K. Cooper, and Mr. Thomas Cratty, for the defendants in error.

Mr. Justice Thornton delivered the opinion of the Court:

If the instrument sued on was entitled to days of grace, then the right of action had not accrued when the suit was commenced, and this objection, if it exist, disposes of the case.

The instrument is called a banker's check, but it had a striking resemblance to a bill of exchange. It has a drawer, drawee, and payee, and is payable in thirty days.

In *Bickford* v. *The First National Bank*, 42 Ill. 238, this court said that a banker's check was, substantially, an inland bill of exchange, and that the rules applicable to such bills were alike applicable to checks.

Judge Story, in his work on promissory notes, sec. 489, says, " Checks have many resemblances to bills of exchange, and in many respects are governed by the same principles; and that the principal difference is, that checks are always drawn on a banker, and are payable immediately on presentation, without days of grace, and that they require no acceptance, as distinct from prompt payment."

Chancellor Kent announces the same rule. 3 Com. p. 104, note (a).

This whole question was also fully discussed in *Ex parte Brown,* 2 Story R. 502. In that case the checks were drawn on a bank, dated on a particular day, and were payable on another specified day; and it was held that they were not entitled to days of grace. The reason given for the rule, by these learned commentators is, that the drawer of a check is the principal debtor, and not a surety; and that the check is an absolute appropriation of so much money, in the hands of the banker, to the holder of the check, and there it ought to remain until presentation and payment of the check.

The reason has great force, where the check is payable on presentment. The drawer undertakes, then, that he has the money on deposit, and the payee expects to obtain it immediately. If the check is payable thirty days after date, the time may be for the very purpose of placing funds with the drawee; there is no expectation of immediate payment, and consequently no absolute appropriation of funds. The reason for the rule, in such case, would therefore cease.

While there is some uncertainty as to the intention of the legislature in the " Act to provide for uniformity in calculating days of grace, etc.," we think, by a fair construction of the whole act, checks of the kind under consideration are entitled to days of grace. Sess. Laws of 1861, p. 119.

The first section of this act provides : " That no promissory note, check, draft, bill of exchange, order, or other negotiable or commercial instrument, payable at sight, or on demand, or on presentment, shall be entitled to days of grace, but shall be absolutely payable on presentment. All other bills of exchange, drafts or promissory notes ·shall be entitled to the usual days of grace."

It is true, as assumed in the argument, that bank checks, payable at sight, or on presentment, were not entitled to days of grace by the law merchant, and as to them the statute, in the first clause of the section, has made no change. There is a change of the law, however, as to other instruments.

324 CULTER *et al. v.* REYNOLDS *et al.* [Sept. T.,

Opinion of the Court.

Independent of the statute, bills and notes payable at sight are allowed the ordinary days of grace. Story on Bills, sec. 342, 370; same on Notes, sec. 224.

It is manifest, therefore, that the legislature intended to effect some change in the commercial law. It did make a distinction between bills and notes, as well as checks payable at sight or on demand, or on presentment, and those which were payable so many days after date. Otherwise, wherefore the use of the term "checks" in the first clause, and wherefore place it in the category with a bill or note?

With this distinction in view, the words, "all other bills of exchange," in the last clause of the section, must be construed to embrace checks payable at a future day. The opposite interpretation does not recognize the evident intention of the law-maker to distinguish between commercial paper payable immediately, and paper payable at a time subsequent to the date. It may also be fairly assumed that the word "drafts," in the last clause of the section, in its general signification, is broad enough to include a check. A draft may be defined to be an order drawn by one person upon another for a sum of money, and would embrace a check for money.

In the very able and elaborate opinion of Cowen, J., in *Harker* v. *Anderson*, 21 Wend. 372, he shows, by a numerous citation of authorities, that checks are, in form and effect, bills of exchange; that they have the same character as inland bills, and that the same rules apply to both.

But we are not without respectable authority in opposition to the rule laid down by Story and Kent.

An instrument drawn upon the cashier of a bank, payable sixty days after date, was held to be a bill of exchange, and entitled to days of grace. It was held, also, that it was essential to a check, *eo nomine*, that it should be payable on demand. *Woodruff* v. *The Merchants' Bank*, 25 Wend. 673.

The same decision was affirmed in the court of errors, 6 Hill, 174.

In *Bowen* v. *Newell*, 8 N. Y. 190, a draft on a bank for money, payable at a day subsequent to its date, was held to be a bill of exchange, and entitled to days of grace.

In *Glenn* v. *Noble*, 1 Blackford,104, a bank check, payable fifteen days after date, was declared to be an inland bill of exchange, and that it had every feature of such a bill.

The instrument sued on was wanting in one of the incidents which characterize a bank check. It was not payable on demand; there was not an absolute appropriation of money, in the banker's hands, to the holder; and therefore it did not possess the quality of being paid on the day when, by its face, payment was to be made.

We are of opinion that it was entitled to days of grace.

The judgment is affirmed.

*Judgment affirmed.*