MUNICIPAL INV. CO. v. INDUSTRIAL & GENERAL TRUST CO., Limited, et al.

(Circuit Court, D. Minnesota. September 21, 1898.)

1. PLEADING—AMENDMENT—DISCRETION OF COURT.
   Leave to file an amended complaint will not be granted after a case has been long at issue, and testimony has been taken, where it is clear that the proposed amendments present matter which is immaterial, and cannot aid the plaintiff.

2. CUSTOM AND USAGE—CREATING CONTRACT.
   In an action to recover money alleged to have been expended by plaintiff for and on behalf of defendants, at their instance and request, in relation to certain bonds owned by defendants, an amended complaint alleging that plaintiff was a dealer in bonds in London, and that it was the custom and usage among all there engaged in that business to look after and protect the interests of customers purchasing bonds from them, and to expend money, when necessary, in that behalf, which money was refunded by the customers, does not state any matter which aids plaintiff's case, as no contract with defendants to so expend money in their behalf is alleged, and a contract liability cannot be based on usage alone.

**3. SAME—EFFECT AND VALIDITY.**

A usage authorizing a dealer in bonds or securities, after an absolute sale and delivery to a customer, to retain a right to represent such customer, and to expend money for him in relation to such securities, without an express contract thereto, would be unreasonable and unlawful, as in contravention of the right of dominion of the purchaser over his own property.

This is an action to recover money alleged to have been advanced and expended by plaintiff on behalf of defendants at their request. Heard on motion for leave to serve an amended complaint.

Geo. C. Squires, for plaintiff.

J. L. Washburn, for defendants.

LOCHREN, District Judge. Although the cause has been long at issue, and much evidence taken in the form of depositions by the plaintiff, I should not, under all the circumstances, be inclined to deny the motion, if the proposed amendments presented valid and meritorious grounds in support of the plaintiff's cause of action, as it is probable that the proposed new matter was but recently brought to the notice of the attorneys for the plaintiff; and the amendments, if apparently in furtherance of justice, could be granted upon such terms as would be fair to the defendants. But if it is clear that the proposed amendments present matter which cannot aid the plaintiff, and can only serve to incumber and prolong the litigation, the motion should be denied. The complaint states a cause of action for moneys alleged to have been paid, laid out, and expended by plaintiff, for and on behalf of the defendants, at their special instance and request, between the 1st day of May, 1896, and the 30th day of May, 1897, to the amount of $9,037.04, in and about matters pertaining to the Duluth Gas & Water Company, and bonds of that company, owned by the defendants. The allegations of the proposed amendments are to the effect that plaintiff was for more than 10 years before the commencement of this action, and at that time, engaged in selling municipal securities and bonds of gas and water companies, and for such purpose had a branch office in London, in the kingdom of Great Britain and Ireland, and—

"That during all said times, and for a long time prior thereto, there had existed a custom or usage among all companies and persons engaged in the selling and placing of bonds of municipalities and of gas and water companies in said kingdom, and particularly in said London, of watching over and caring for the interests of the various bondholders, and of keeping informed as to the status of such securities; and that it was the custom and usage of all such dealers in said municipal securities and gas and water bonds that, if litigation were threatened or begun against or by the maker or makers of said securities and bonds, or affecting the validity or value of any such securities, the company or persons so placing and selling said bonds in said kingdom, and particularly in London, would and did make such disbursements as were necessary to protect the interests of the bondholders, and would and did employ legal counsel to protect such interests, and advise and defend in any litigation or litigations which might be threatened or brought affecting such securities or bonds; and that it was further the custom and usage that all such sums so disbursed to protect the interests of said bondholders, and all fees and expenses so incurred for legal counsel, would be recognized and refunded by such bondholders to the said company or person which had so placed and sold the said bonds, and which

had so advanced and incurred said disbursements and counsel fees and expenses; and that in and about the payment and expenditure of the said sum herein above mentioned the said plaintiff relied upon the said custom and usage so established."

This, at most, is an attempt to plead a local usage of trade. It cannot be a custom, in the technical sense, as the whole subject of municipal and corporate securities to which it relates has arisen within the period of legal memory. Usage rests on long and uniform practice, and, to be binding, must be known, certain, uniform, reasonable, and not contrary to law. 2 Bouv. Law Dict. 615. Where there is no contract, proof of usage will not make one, and it can only be admitted either to interpret the meaning of the language employed by the parties, or where the meaning is equivocal or obscure. Bank v. Ward, 100 U. S. 195, 206. Usage contrary to law, or inconsistent with the contract, is never admitted to control the general rules of law, or the real intent and meaning of the parties. Thompson v. Riggs, 5 Wall. 663, 680; Wheeler v. Newbould, 16 N. Y. 392; Woodruff v. Bank, 25 Wend. 673, 6 Hill, 174; Bowen v. Newell, 8 N. Y. 190.

1. The proposed amended complaint sets forth no express contract between plaintiff and defendants in respect to which the alleged usage can be resorted to for the purpose of interpretation. It seeks to base a contract liability wholly upon the alleged usage.

2. Even if the proposed amended complaint alleged (as it does not) that the plaintiff sold to the defendants the bonds or securities referred to vaguely in the pleading, there would be nothing equivocal or obscure in such contract, capable of being explained by such alleged custom. So far as appears, or can be inferred, such contract of sale, if any, has been fully executed by the payment for and delivery of all such securities and bonds, passing the complete title and power of control to the purchasers.

3. To hold that any agency for the purchasers, or right of control over the bonds and securities so sold and delivered, remained in the vendor, under said alleged usage, without any contract or agreement on the part of the purchasers, would be unreasonable. Any usage which authorizes and empowers a vendor, after an absolute sale and delivery of bonds or securities, and receipt of the price, to meddle further in respect to them, and institute, defend, or control litigation which may affect their values and validity, at the same time charging the purchasers or holders of such bonds or securities with the costs, disbursements, and expenses of such litigation, without the consent or agreement of such purchasers or holders, is contrary to the plainest principles of law, and to the absolute right and dominion of such purchasers and holders over their own property. Such alleged usage cannot be sustained. And for the sole reason that I deem it improper to allow the case at this time to be incumbered with groundless and immaterial allegations, the motion is denied. Plaintiff's exception to the ruling is allowed.