DE LORENZO et al. v. VON RAITZ et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. APPEAL AND ERROR—QUESTION OF FACT.
    A finding by a trial court, which is not against the weight of evidence, will not be disturbed.

2. MECHANIC'S LIEN—ABANDONMENT OF CONTRACT.
    Where, after a partial performance and a partial payment, plaintiff abandoned work which he had contracted to do for defendant, and the cost

of completion, together with the amount already paid plaintiff, was more than the contract price, the defendant is entitled to the difference.

3. SAME—SUBCONTRACTOR.

Where the owner of premises has paid a contractor for certain work to be done, he cannot be charged more by a subcontractor on a lien claimed by him for having performed the work.

Appeal from trial term, New York county.

Action to foreclose mechanic's lien by Licurgo De Lorenzo and another against Feodor Von Raitz, and impleading William Bradley. From a judgment in favor of defendant Feodor Von Raitz, plaintiffs and defendant William Bradley appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Hector M. Hitchings, for appellants De Lorenzo and another.
Edgar J. Kohler, for appellant Bradley.
Lewis W. White, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mechanic's lien upon certain premises owned by the defendant Von Raitz. Upon the trial it appeared that in May, 1897, the plaintiffs and the defendant Von Raitz entered into a contract, whereby the former agreed for the sum of $1,150 to perform certain services in plastering, painting, and decorating the latter's building, and in pursuance of this contract the plaintiffs performed certain services, and also performed, at Von Raitz's request, services not called for in the contract to the amount of $523.16,—making a total amount which Von Raitz was liable to pay of $1,673.16; and that during the progress of the work the plaintiffs were paid the sum of $1,145. It also appeared, and the learned trial court found, that the plaintiffs never completed the contract, but left and abandoned the work before the same was completed, and by reason of such abandonment that Von Raitz was compelled to and did employ other workmen. and expended money to the amount of $743, to complete the work left undone by the plaintiffs, and to repair defective work done by them, which sum, together with the amount paid by Von Raitz to the plaintiffs, made an overpayment to them of $214.84, for which sum judgment was directed in favor of Von Raitz and against plaintiffs. The correctness of the sums expended by Von Raitz was not seriously disputed upon the trial, but the plaintiffs then insisted, as they do now, that they never abandoned the work, but were prevented from completing the same by Von Raitz himself, in that he refuses to permit them to continue under the contract, or to complete the work which they had agreed to do, and that, therefore, they were not legally chargeable with the amount expended by him for the completion of the work.

Whether, in fact, there was an abandonment by the plaintiffs was the main question litigated upon the trial, and concerning which evidence was given upon both sides. The trial court found that there had been an abandonment, and there is evidence to sustain the finding. It certainly is not against the weight of evidence, and therefore we have no right to interfere with it. Benedict v. Arnoux,

154 N. Y. 715, 49 N. E. 326. The witness Steinman testified that the plaintiffs "quit that work on the 18th of September, on a Saturday," and that he, acting for the defendant Von Raitz, requested them to continue the work, which they did not do, and that "plaintiffs' failure to continue the work delayed the progress of the building six or seven weeks." Von Raitz testified that the "plaintiffs left the job on September 18th," and that they "had not finished all the work according to the plans and specifications of the contract which I entered into." And one of the plaintiffs,—De Lorenzo, —while claiming that they were prevented from continuing the work by Von Raitz, testified that the work called for by the contract was not, in fact, completed by them. The plaintiffs having abandoned the contract without just cause, in no view of the case could they have a lien for anything more than the difference between the amount unpaid when the lien was filed and the cost of completing the work. Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017. Indeed, it is difficult to see, having abandoned their contract, and there being no provision in it for the completion of the work by the owner, how the plaintiffs could acquire a lien, no matter how much was due them. It is well settled that where a contractor abandons his contract, and refuses to go on with the work, and there is no provision in the contract for its completion by the owner, nothing remains unpaid, within the meaning of the mechanic's lien law, to which a lien can attach. Larkin v. McMullin, 120 N. Y. 206, 24 N. E. 447. At the time the plaintiffs abandoned the contract, Von Raitz had paid to them the sum of $1,145, and he thereafter paid for the completion of the work which the plaintiffs had contracted to do the sum of $743, making in all $1,888, or an overpayment to the plaintiffs of $214.84, for which the court properly awarded judgment against them and in favor of Von Raitz.

We think the letter referred to by the appellants was properly excluded. It was not written until after the lien had been filed; and the rights of the parties, so far as this action is concerned, had then become fixed, and could not thereafter be changed by the act of one party without the consent of the other.

The defendant Bradley filed a lien for work performed by him in making certain excavations on the same premises, and on that account he was made a defendant, and the validity of his lien was also litigated at the trial. The learned trial justice held that his alleged lien was null and void, and directed that the same be canceled, and discharged of record, and Bradley has appealed from that portion of the judgment. As to Bradley's claim, it appeared upon the trial that Von Raitz entered into a contract with one Steinman, whereby the latter agreed to do certain excavating for the sum of $500, and that Steinman hired Bradley by the day to do his work. Before the commencement of this action, and before Bradley had filed his lien, Von Raitz had paid to Steinman the $500 called for by the contract, and, in addition thereto, had voluntarily paid to him, in order that the work might be speedily completed, the further sum of $300. The work performed by Bradley amounted to $1,504.37, and he sought to hold Von Raitz liable for such sum, less

the amount of $800 paid to him by Steinman, on the ground that the labor was performed with the knowledge and consent of Von Raitz, the owner of the premises. Whether or not the defendant Von Raitz did consent to the performance of the work, so as to make him liable under the mechanic's lien law, was, so far as this branch of the case is concerned, the principal question litigated at the trial. It was a question of fact to be determined by the trial court, and, it having found that no such consent was given, and there being sufficient evidence to sustain the finding, it cannot be disturbed on appeal. The evidence introduced shows that Bradley, in all the transactions connected with the work, dealt with Steinman as principal, and while the work was being done he looked to Steinman for his pay, and whatever was paid to him was paid by Steinman. Where the owner of premises contracts for the performance of certain work thereon, and has paid to the contractor the amount called for by the contract, he cannot be further charged by a subcontractor on the ground that, by permitting the said contractor to proceed with the work, he thereby gave a consent, sufficient, within the statute, to enable the subcontractor to acquire a lien. Such owner cannot, except in case of fraud or collusion on his part, be compelled to pay any greater sum for the completion of the work specified in the contract than that which, by his contract, he has agreed to pay. French v. Bauer, 134 N. Y. 548, 32 N. E. 77.

Upon both branches of the case we are satisfied that the questions presented were properly disposed of by the trial court, and for that reason the judgment must be affirmed, with costs. All concur.