(107 App. Div. 328.)

## SNYDER v. MONROE ECKSTEIN BREWING CO. et al.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

1. MECHANICS' LIENS—LIEN OF SUBCONTRACTOR—NOTICE TO OWNER—PAYMENT BY OWNER—EFFECT.

Under Lien Law, Laws 1897, p. 519, c. 418, § 11, providing for service of notice on the owner of the premises after filing a lien, and declaring that until service of notice an owner without knowledge of the lien shall be protected in any payment made in good faith to any contractor, a subcontractor, in order to procure a lien against an owner who has paid the contractor under the contract, must show either that the owner had knowledge of the lien or that the payments made after the filing of the lien were made in bad faith.

2. CONTRACTS—CONSIDERATION—STATUTE OF FRAUDS.

An oral promise by an owner to pay a subcontractor in the event of his going on and completing his contract with the contractor is without consideration, and void under the statute of frauds.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 281.]

Appeal from Special Term, Richmond County.

Action to foreclose a mechanic's lien by James Snyder against the Monroe Eckstein Brewing Company and others. From a judgment in favor of the Monroe Eckstein Brewing Company, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Thomas Garrett, Jr., for appellant.
William D. Gaillard, for respondent.

WOODWARD, J. On the 14th of August, 1902, the Monroe Eckstein Company entered into a written contract with Gustave Penet for the construction of a building at an agreed price of $6,000, payable in three installments of $1,400 each, with a final payment of $1,800. This contract provided that payments should be made only upon the certificate of the architect. The plaintiff in this action was a subcontractor, and had charge of the work of putting in the plumbing at an agreed price of $900; the language of his proposition which was accepted clearly indicating that payment was to be made only upon the completion of the work. On the 27th of April, 1903, the plaintiff, as such subcontractor, filed a lien in the office of the clerk of the county of Richmond, and on the 2d day of May following he served a copy of this notice upon the president of the defendant the Monroe Eckstein Brewing Company. On the same day, and within the same hour that the notice of lien was filed in the office of the clerk of Richmond county, the defendant brewing company, through its president, signed and mailed to the claimants under the contract checks aggregating the full amount of the

contract price, with the exception of $2.40, which sum was properly disposed of in the judgment. There is no claim that the brewing company had any actual notice of the filing of this lien; but it is urged that because the brewing company mailed these checks at the same time that the lien was filed, and that it might by the exercise of diligence have discovered that such lien had been filed, it was guilty of bad faith in the payments, and that the lienor has rights which ought to be protected here.

We are clearly of opinion that the learned court at Special Term did not err in the disposition of this case. Section 11 of the Lien Law (Laws 1897, p. 519, c. 418) provides for service of notice upon the owner of the premises at any time after the filing of the lien, and it is specially provided that until—

"Service of the notice has been made, as above provided, an owner, without knowledge of the lien, shall be protected in any payment made in good faith to any contractor or other person claiming a lien."

There is no question here that the defendant brewing company owed the amounts for which the checks were written and delivered under the contract, and we know of no rule of law which would charge one with bad faith for the mere payment of claims which were concededly due under a contract. The good faith required by the statute does not relate to the diligence of the owner in learning of the filing of liens. The duty of giving notice to the owner is charged upon the lienor, and the matter of good faith relates to the validity of the indebtedness paid, rather than to the question of whether the lien has been filed or not. The owner, without knowledge of the lien, is to be protected in all payments made under the contract in good faith, and there is not the slightest evidence in this case to show that the defendant brewing company had any knowledge of the filing of the lien, or that there was any bad faith in the payments which were made. The company owed for the construction of the building, and, until the plaintiff had filed his lien and had given notice of that fact, the owner was justified in making any payments which were due under the contract, and this is just what the evidence discloses was done. The subcontractor's rights depended upon the rights of the contractor, unless he elected to file his notice of lien and to give personal notice to the owner; and, having failed to give this notice, the owner, under the express language of the statute, is to be protected in all payments "made in good faith to any contractor or other person claiming a lien." The plaintiff, in order to succeed, must show either that the defendant brewing company had knowledge of the lien, or that the payments which were made after the filing of such lien were made in bad faith, and in this case there is a complete failure to establish the necessary facts from which these inferences might be drawn. The transactions of the defendant brewing company appear regular upon their face, and all that appears is that the contract price of the building has been paid, and that the plaintiff failed to file his lien and to give notice in time to prevent the payment of the funds in the hands of the owner to other contractors or claimants.

95 N.Y.S.—10

The **further** contention of the plaintiff that he was promised payment in the event of his going on and completing his contract with the original contractor by the defendant brewing company is without force. It was, at most, a promise without a consideration, and one void under the statute of frauds. After a careful consideration of the various points urged on behalf of the appellant, we are convinced that the case has been disposed of according to law, and that the appeal is without merit.

The judgment appealed from should be affirmed, with costs. All concur; HIRSCHBERG, C. J., in result.