(118 App. Div. 100)

McLEAN v. GRIOT et al.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

**1. PAYMENT BY NOTES.**

Whether the giving of the buyer's note to the seller on a sale of personal property constitutes a payment of the price depends on the agreement of the parties to the sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, §§ 70–77.]

**2. SAME—NEGOTIATION OF NOTE.**

Where the seller accepts the buyer's note for a part of the price and transfers the same to a third party, the note operates as an absolute payment so long as it remains in the hands of the transferee; the seller only being remitted to his original rights under the contract of sale if there was an agreement that the note should be taken as absolute payment on his taking it up and regaining possession thereof before payment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, § 77.]

**3. SAME—NOTE OF THIRD PERSON.**

Where, on a sale and delivery of goods, the seller receives from the purchaser the note of a third person, the presumption is that the note was accepted in payment and satisfaction of the price.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, § 191.]

103 N.Y.S.—9

4. SALES—CONDITIONAL SALES—TRANSFER OF PROPERTY—ESTOPPEL.

Plaintiff sold certain fixtures, etc., without parting with the title thereto, to G., for a total consideration of $1.998.10, for which a bill was rendered at the bottom of which the plaintiff noted the following: "Paid Three & Six Mts. Notes $500.00 each ch-998 10/100 Recd. Pyt. James McLean." Plaintiff filed no contract of conditional sale, and thereafter G. sold the property to defendant, who purchased, after examining records and the receipt, without any notice of plaintiff's claim. *Held*, that plaintiff was estopped as against defendants to claim title to the property.

Appeal from Appellate Term.

Action by James McLean against George Griot and another. A judgment in favor of plaintiff was affirmed by the Appellate Term of the Supreme Court, and defendants were granted permission to prosecute a further appeal. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Samuel F. Hyman, for appellants.
Henry Hoelljes, for respondent.

HOUGHTON, J. The action is in conversion, and by his amended complaint the plaintiff alleges that on the 6th day of March, 1905, he delivered to one Gertenbach certain goods and chattels, consisting of meat and fish market fixtures and tools, without parting with the title thereto, and that subsequently Gertenbach delivered them to the defendants, who, on demand, refused to surrender them to plaintiff. The answer admits the delivery to Gertenbach and the transfer by him to defendants, and the demand and refusal to deliver to plaintiff. There is no dispute that if plaintiff is entitled to recover at all he is entitled to recover $1,000. Although the complaint alleges, and the answer admits, that "goods and chattels" were delivered, the plaintiff was permitted to prove on the trial, without objection, that he was a manufacturer of fish and meat market fixtures and appliances, and that on the request of Gertenbach he submitted to him a proposition to manufacture and put in place for him, for the sum of $1,735, specified fixtures for a meat and fish market which he was about establishing, and that Gertenbach accepted the proposition, and that the articles were thereafter manufactured and installed in the market, and that at the time plaintiff's proposition was so accepted Gertenbach executed an acceptance by which he agreed "that the legal title to and the ownership of said fixtures is to remain with James McLean until the entire amount of the purchase price is paid to him in cash." The plaintiff furnished certain extras amounting to $263.10, and on the 31st of March, 1905, rendered to Gertenbach a bill for $1,998.10, at the bottom of which was the following:

"Paid Three & Six Mts. Notes $500.00 each ch-998 10/100. Recd. Pyt.
"James McLean."

This was left with Gertenbach.

Gertenbach thereafter mortgaged the property by chattel mortgage for $1,500, and on the 7th day of June, 1905, sold all of the market fixtures and appliances to the defendants for the sum of $1,800, $300

in cash to himself and $1,500 by assuming to pay the chattel mortgage, which defendants immediately paid. The evidence shows that at the time of such purchase by the defendants the receipted bill referred to was shown to them, and that they relied upon it. The agreement of conditional sale signed by Gertenbach was not filed, nor was it executed in duplicate, and one duplicate delivered to the purchaser. There was evidence which at least made it a question of fact for the jury whether or not defendants inquired of Gertenbach if plaintiff had any claim on the property, and they did have an attorney examine the record; he finding no conditional bill of sale on file.

The defendants insist that they were bona fide purchasers for value without notice of any claim on the part of the plaintiff, and that they were protected in their purchase because plaintiff had failed to file his conditional bill of sale, as provided by section 112 of the lien law (Laws 1897, p. 540, c. 418, as amended by Laws 1904, p. 1696, c. 698); and, if this be not so, that no duplicate was delivered to the purchaser as provided by section 115 of the lien law (Laws 1897, p. 540, c. 418, as amended by Laws 1898, p. 1019, c. 354; repealed Laws 1905, p. 1162, c. 503, in effect September 1, 1905); and, if neither of these positions be correct, that plaintiff is estopped from asserting his claim to the chattels because of the receipt of payment which he signed and gave to Gertenbach, and upon which they relied in making their purchase from him. The position of the plaintiff is that, because the goods were to be manufactured, they did not come within the provisions of the lien law, and hence it was not necessary to file the contract of conditional sale, or to execute the contract in duplicate and deliver one duplicate to the purchaser, and that there was nothing in the receipted bill which could mislead defendants or authorize them to rely upon the fact that Gertenbach was the actual owner of the property. The plaintiff received the $998.10 upon the check of Gertenbach, and the two notes were his notes, neither of which was due at the time of the sale to defendants. If the receipted bill was exhibited by Gertenbach to the defendants at the time of the purchase, and it was stated to them that the plaintiff had no claim on the property, and they relied upon the form of the receipt in making their purchase and paying the consideration, we are of the opinion that they were justified in so doing, and that the plaintiff is now estopped from asserting that the property had not been paid for and that it belongs to him, and that Gertenbach had no right to sell it.

Whether the giving of the buyer's note to the seller on a sale and purchase of personal property constitutes a payment of the purchase price depends upon the agreement of the parties to the sale. They may agree that it shall constitute a payment, and they will be held to their bargain. 2 Parsons on Bills & Notes, p. 156; Tobey v. Barber, 5 Johns. 68, 4 Am. Dec. 326. If such note be negotiable, and the vendor and payee transfer it to a third party, so long as it remains in the third party's hands, it operates as an absolute payment of the original consideration upon which it was taken. Battle v. Coit, 26 N. Y. 404; Fitch v. McDowell, 145 N. Y. 498, 40 N. E. 205. It is only after the vendor has taken it up and regained possession of it before payment that he is re-

mitted to his original rights under the contract of sale, if there was agreement that the note should be taken in absolute payment. So, too, where upon the sale and delivery of goods the vendor receives from the purchaser the note of a third person, the presumption is that the note was accepted in payment and satisfaction of the purchase price. Gibson v. Tobey, 46 N. Y. 637, 7 Am. Rep. 397. Even as to a past indebtedness, such note of a third person may be taken on the debt and in satisfaction of it, if the parties so agree. Noel v. Murray, 13 N. Y. 167. The statement that the indebtedness of .Gertenbach to plaintiff was paid by a check of $998.10, and by two notes of three and six months each, did not specify of what character the two notes were, or whether they were the notes of the purchaser or guarantied by some third party, or whether they were notes of some third party transferred to plaintiff, or whether they were taken as mere security for the debt and evidence of its liquidation as to amount. The fact that the account was said to be paid, and that an acknowledgment of receipt of payment was signed by plaintiff, would indicate that the notes whether those of the buyer or of some third party were satisfactory to plaintiff, and had been.taken in payment of his claim. The question is not what the fact actually was with respect to the notes, but what defendants had a right to believe respecting them, in view of the solemn declaration of plaintiff that the account was paid by cash and notes. Assuming that the .defendants knew nothing of the agreement between Gertenbach and the plaintiff that the plaintiff should retain title to the property until the purchase price was fully paid in cash, we think the defendants were entitled to rely upon the assertion of plaintiff that the account had been paid by notes satisfactory to· him. Even if plaintiff was not compelled to file his contract of conditional sale, he could have done so. Defendants took the precaution to examine the record, and failed to find anything putting them upon any further inquiry, and if the fact be, as claimed by them, that they relied upon the receipt which plaintiff put afloat, and which might deceive or mislead and in fact did, and they had no notice of title or claim of title by plaintiff, we think the plaintiff is now estopped from asserting any such claim as against them. Whether this situation existed was a question of fact for the jury to determine, and not for the court, and a direction of verdict in plaintiff's favor was therefore improper.

The rule is that where the owner of property confers upon another an apparent title to, or power of disposition over, it, he is estopped from asserting his title as against an innocent third party, who has dealt with the apparent owner in reference thereto, without knowledge of the claims of the true owner. McNeil v. Tenth National Bank, 46 N. Y. 325, 7 Am. Rep. 341. The plaintiff intrusted to Gertenbach, not only the possession of the property, but also the written evidence over his own signature which might be taken as evidencing the fact that it had been fully paid for, and hence that he had title which he could transfer.

There is also to our minds a very grave question, in view of the amendment of section 112 of the lien law in 1904, whether or not, notwithstanding the goods were to be manufactured, plaintiff was not obliged to file his agreement of conditional sale, or at least have his

agreement executed in duplicate and deliver one duplicate to the purchaser, as provided by section 115 of that law, which was in force at the time of the delivery of the property. But, inasmuch as we feel constrained to order a new trial for the reasons above given, we do not deem it necessary at this time to pass upon that question.

The judgments of the Appellate Term and of the City Court must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.