### ROSENBAUM v. PALETZ et al.

(Supreme Court, Appellate Term. February 5, 1909.)

1. MECHANICS' LIENS (§ 115*)—RIGHTS OF SUBCONTRACTOR—PAYMENT OF PRINCIPAL CONTRACTOR—NOTICE TO OWNER.

Where the owner has in good faith paid the principal contractor the full amount due him, a subcontractor is not entitled to a mechanic's lien for money due from the principal contractor, even though the owner has permitted the subcontractor to proceed with the work.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 157; Dec. Dig. § 115.*]

2. PAYMENT (§ 17*)—PAYMENT BY NOTES—SUFFICIENCY.

Where a contract specially provided for payment of the balance due for work performed on premises by a contractor by notes secured by mortgage on the premises, in absence of fraud, the notes were payment of such balance, and the contractor could not insist on payment in any other manner.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 72; Dec. Dig. § 17.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Harry Rosenbaum against Hannah Paletz, Rebecca Siegel, and Sarah Barr. From a judgment for plaintiff, defendants Siegel and Barr appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Morrison & Schiff (Jacob R. Schiff, of counsel), for appellants.
Pollak & Deutsch (Samuel B. Pollak, of counsel), for respondent.

GILDERSLEEVE, P. J. The defendants Mrs. Siegel and Mrs. Barr are the owners of certain premises, and gave a contract for certain improvements to the defendant Hannah Paletz, who gave a subcontract for the iron work to plaintiff. The latter completed his subcontract on October 28, 1907, and filed his notice of mechanic's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lien against the said premises on November 22, 1907, within the requisite 90 days, for $225. It is to enforce this mechanic's lien that plaintiff has brought this action. He obtained a judgment in his favor, and defendants Mrs. Siegel and Mrs. Barr, the owners, appeal. The defendant Paletz, the general contractor, has defaulted in the action.

The agreement between the owners and Paletz was that the contract price was to be $4,250, of which $2,500 were paid in cash, and $1,750 were paid in three notes, one for $750, payable in 4 months, one for $500, payable in 10 months, and one for $500, payable in 16 months, which notes were secured by a mortgage on the premises for an equal sum. The said notes and mortgage were dated November 1, 1907, but were delivered by the owners to Paletz on November 13, 1907, 9 days previous to the filing of plaintiff's notice of lien. At the time of the giving of the said notes and mortgage the owners were aware of the fact that plaintiff had done the iron work as subcontractor. At the time of the trial of this action on October 30, 1908, only one of the notes—i. e., the $750 note—had been paid, although two of them had apparently become due. The defendants offered no evidence at the trial, and they rest their defense to the lien upon the ground that by the giving of the notes and mortgage to the contractor they had liquidated and paid their debt to the said contractor prior to the filing of plaintiff's notice of lien, so that nothing was due to the contractor on which the lien of the subcontractor could attach.

The contract between the owners and Paletz specifically states that these notes were to be taken in payment of the balance due on the contract, and there is no question raised of bad faith on the part of the owners towards the plaintiff. The rule is well settled that an owner, who in good faith and without collusion has paid the contractor the full contract price, is not liable to a subcontractor for the amount due to such subcontractor from the principal contractor; and, even where the owner has permitted the subcontractor to proceed with the work, such permission does not constitute a consent under the lien law, which will enable the subcontractor to file a mechanic's lien. De Lorenzo v. Von Raitz, 44 App. Div. 329, 60 N. Y. Supp. 736; Snyder v. Monroe, 107 App. Div. 328, 95 N. Y. Supp. 144; Drall v. Gordon, 51 Misc. Rep. 618, 101 N. Y. Supp. 171.

In the case at bar, as we have seen, the owners paid the contractor after plaintiff had finished his subcontract and nine days before he filed his notice of lien. As we have said, the contract specifically provided that the notes were to be given in payment of the balance of the contract price, and it must be conceded that parties to an agreement may covenant that the giving of notes shall constitute payment, and that they can be held to such agreement. 2 Parsons on Bills and Notes, p. 156; McLean v. Griot, 118 App. Div. 100, 103 N. Y. Supp. 129.

In the case at bar the appellants urge that, if these notes were not given in payment, the contractor would scarcely have required them to be secured by a mortgage on the premises. It seems to us that the provision in the contract for the payment of the balance or last installment due on the contract by the giving of these notes secured by the

mortgage, together with the absence of any claim of fraud or collusion or bad faith in such payment, is conclusive proof, under the facts presented, that such notes were, in fact and in law, given in payment of the balance or last installment due under the contract, and that the contractor surrendered all her rights under such contract.

There are other objections made to the judgment which it is unnecessary to discuss, as for the reasons above set forth there must be a reversal.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.