LOUIS NEWMAN, Doing Business under the Assumed Name of NEWMAN REAL ESTATE COMPANY, Respondent, *v.* FREDERICK C. SLEE, Appellant.

Supreme Court, Erie County, March 23, 1931.

*Slee, O'Brian, Hellings & Ulsh,* for the appellant.

*John S. Knibloe,* for the respondent.

HINKLEY, J. The only witnesses sworn upon the trial were the plaintiff and his one witness. Their testimony was undisputed and no material conflicting inferences can be drawn from such testimony.

Defendant, an attorney at law and owner of an apartment house, was desirous of procuring a tenant for one of the apartments. The plaintiff, a licensed real estate broker, brought to defendant's office a prospective tenant. The latter was satisfactory and a lease was executed and delivered. Upon the delivery to and acceptance of the lease by the defendant, he became indebted to plaintiff for commissions for the procuring of the tenant. Defendant reached for his check book to pay plaintiff the sum of seventy-five dollars commissions then due. Instead of drawing the check, defendant

suggested that the tenant pay a month's rental in advance by delivering to defendant one check in favor of plaintiff for seventy-five dollars and one check in favor of defendant for fifty dollars. The tenant did so and defendant delivered the seventy-five dollar check to plaintiff. Defendant then drew and plaintiff signed and delivered to defendant a receipt in full for the commissions due the plaintiff. Neither check was honored at the bank, for the tenant had stopped payment upon the same.

Plaintiff brought action against defendant for his commissions. Notwithstanding the delivery to and acceptance by plaintiff of the check of the tenant, and the delivery to defendant of the receipt in full, the City Court rendered judgment against defendant. The questions as to whether plaintiff was required to exhaust his remedy against the maker of the check or offer to indorse the check without recourse to defendant as conditions precedent to recovery, are not material in the light of the decision herein. The judgment of the lower court is erroneous. The defendant delivered to plaintiff the check of a third party, not for a precedent debt, but for a debt which arose cotemporaneously with the delivery of the check. The presumption then arose that the check was given and received in full payment of that debt. Plaintiff, an adult, then signed and delivered to defendant a receipt in full payment of the debt. Plaintiff has, in no legal manner, attacked that receipt or in any manner explained away the presumption of payment created by the delivery of the check.

Where one delivers to another property and receives in return the note or bill of a third person in full payment and gives a receipt saying that it is received in full payment, the presumption is that it was so received and the onus is then upon the party receiving such note or bill to show the contrary. (*Noel* v. *Murray*, 13 N. Y. 167, 172; *Gibson* v. *Tobey*, 46 id. 637, at p. 640; *Riley* v. *Mayor, etc., of N. Y.*, 96 id. 331, 339; *Hall* v. *Stevens*, 116 id. 201, at p. 206; *Dibble* v. *Richardson*, 171 id. 131, at p. 138; *McLean* v. *Griot*, 118 App. Div. 100, at p. 103; *Candee & Smith* v. *Fordham Stone Renovating Co.*, 126 id. 15, at p. 16; affd., 195 N. Y. 602, no opinion; *Fleischman* v. *Bishop*, 174 N. Y. Supp. 142.)

The term " bill," included in the above composite statement of law, includes a check. Logically, there is no distinction in the character of the two instruments nor in the rules applicable thereto so far as this case is concerned. Each carries with it the obligation of the third person, maker or drawer, to pay or cause to be paid the specified amount.

" The distinguishing characteristics of checks as contradistinguished from bills of exchange [none of which affect the determina-

tion of this case] are * * *. that they are always drawn upon a bank or banker; that they are payable immediately upon presentment, without the allowance of any days of grace; and that they are never presentable for acceptance, but only for payment." (*Bowen* v. *Newell*, 8 N. Y. 190, at p. 195.)

" ' Bill ' means bill of exchange." (Neg. Inst. Law, § 2.)

The term " bill of exchange," as generally used in the books, includes drafts, orders and checks. (8 C. J. 33; *Douglass* v. *Wilkeson*, 6 Wend. 637, at p. 643; *Ætna National Bank* v. *Fourth National Bank*, 46 N. Y. 82, at p. 88; *Duncan* v. *Berlin*, 60 id. 151, at p. 153; *Risley* v. *Phenix Bank of City of N. Y.*, 83 id. 318, at p. 324.)

Nothing would be gained by the granting of a new trial in the lower court.

Judgment of the lower court reversed and judgment granted in favor of defendant, of nonsuit upon the merits, with costs.