### ENFORCEMENT OF A DEFECTIVE LEASE AFTER TRANSFER.

Common Pleas Court of Franklin County.

WHEELER ET AL V. NIMS ET AL.

Decided, October 18, 1921.

*Lease Defective for Having but One Witness—Transferred to Third Party with Knowledge—Lessor May Not Recover his Rent—But Intended Lessee may ask for Specific Performance Against the Transferee—Who is Bound by Prior Equities—Statutes of Frauds Satisfied—Recording Act Without Application to a Defective Lease —Parties.*

A defectively executed lease covering real estate and subsequently transferred to a third party with notice of the purported lease and its defective character, may be enforced against the transferee by the prior intended lessee.

*H. A. Williams,* for plaintiffs.

*Thos. M. Bigger* and *S. A. Sharpe,* for defendant, Nims.

ROGERS, J.

The case is heard on separate demurrers of the defendant Nims to the amended petition of plaintiffs and the amended answer and cross-petition of the Kibler Co.; also on said defendant's motion to dissolve the temporary injunction.

One of the main legal questions is this: When a defectively executed lease of real estate has been made between lessor and lessee, and that property is afterwards transferred to a third person with notice of the prior contract of lease, though defective, whether such third person is liable to have the contract of lease enforced against him at the suit of the prior intended lessee. The foregoing is, in substance, what has transpired among the parties, as shown by the pleadings. Nims with notice that the Kibler Co. had a lease, though defectively executed, covering certain described premises, obtained a perpetual lease for the same and other premises; and the Kibler Co. now seeks to have the defectively executed lease enforced as against Nims. True, the suit was brought by the transferrers, but the Kibler Company, by cross-petition, adopts the averments of their amended petition, and is as much a petitioner as if formerly plaintiff in the case. It must be borne in mind that in equity the chancellor looks at substance and not at form to work out equitable remedies. I am satisfied that plaintiffs are proper parties to the suit, and can well be treated, along with the Kibler Co., as joint parties with it.

It seems to be conceded that the Kibler lease, because defectively executed on account of having but one witness to the signature of the parties, is void as a lease. I think the law is too clear on this subject for controversy. However, it is contended that a defectively executed lease is not, according to the Ohio decisions, enforcible in equity as against Nims, although at and prior to the making of the lease to him he had notice of the prior defectively executed lease to the Kibler Company. The lease in question, as I sought to point out in a former opinion,

is not made void because of the recording acts; but it is void because of the failure to comply with the statute relative to the formal execution of such instruments. Furthermore, the only recording act, if the Kibler Company lease had been prpoertly executed, applicable thereto, is Section 8543, General Code. Sections 8518 and 8519, General Code, have no application to such lease, nor do the decisions construing the latter sections have any bearing on the case before us. And the recording act governing leases such as this one only applies to leases executed according to the statute etc., and even then only protects subsequent *bona fide* purchasers without notice. As I view it, the recording acts are in nowise a limitation upon the equities of the parties in the instant case  The question is purely one of equity between the plaintiffs and the defendant the Kibler Company, on the one side, and the defendant Nims on the other, irrespective of the formal positions they occupy in the suit.

By the settled law of Ohio, the Kibler Company, lessee, upon the execution of the defective lease, acquired an equitable title. See *Abbott* v. *Bosworth,* 36 Ohio St., 605. Having such a title, the chancellor will grant him such relief as the rules of equity—not law—prescribe.

Upon careful consideration, I am satisfied that the contention of learned counsel for Nims, that the Kibler Company has no remedial right of specific performance on the pleadings as amended as against Nims, is not based upon sound principles nor supported by the Ohio authorities. Stress is placed upon *Richardson* v. *Bates,* 8 Ohio St., 257, as setting forth the ruling principle governing the case before us. I am unable to discover anything decided in that case which governs the instant case. The suit was one at law to recover for rent on a defectively executed lease, after the lessee had surrendered possession. The defense set forth the fact of the defectively executed instrument, and this was held a good defense, and that the suit was not aided by the statute of frauds. The suit did not seek equity of any kind, but was solely founded upon plaintiff's alleged legal right to recover, which was denied him, and rightfully so, on his pleading. What the court may have said in the opinion must be con-

fined to the case before it, when cited as a precedent to cases of similar tenor. The only similarity between that case and the instant case is that of a defectively executed lease. However, it does not follow that because a lessor under a defectively executed lease can not at law recover his rent thereunder, the lessee may not in equity have it enforced or specifically performed as against third persons with notice of the defectively executed instrument. And I think on examination of all the subsequent decisions in Ohio wherein *Richardson* v. *Bates, supra,* is cited or approved, the right to any relief at law under such leases is denied; and that is so, because the instruments are void at law. In my search I have been unable to find in Ohio any decision binding upon this court, to the effect that such instruments are not evidence of a written contract for a lease, and enforceable in equity as against subsequent transferees with notice.

It is contended that the law of Ohio differs from the law of many of the other states with reference to the enforcement in equity of contracts for the lease of land as against esubsequent purchasers with notice. The text in 24 Cyc., 904, supports this contention, and *Langmede* v. *Weaver,* 65 O. S., 17, is cited as authority for the Ohio doctrine, but that case is based solely upon the statute relative to oil leases, licenses and assignments thereof. It has no application to the case before us. The author did not carefully distinguish between the law relative to oil leases, and other leases, in Ohio.

Further, it was suggested in argument that the Kibler lease being inoperative as a lease, could not operate as a sufficient memorandum to satisfy the statute of frauds. An examination of text writers and authorities on this subject, however, convinces me that such defectively executed lease does satisfy the statute On this subject may be cited 20 Cyc., 257, and cases. And in Ohio an instrument of writing in the usual form of a deed of conveyance, but delivered as an executory contract of sale, is sufficient to take the case out of the statute, though the instrument was not delivered as a deed. See *Thayer* v. *Luce,* 22 O. St 62. I have not referred to *Lithograph Bldg. Co.* v. *Watt,* 96 O. S., 74, because it is familiar to counsel. Moreover, learned coun-

sel apparently seek to interpolate a matter of possession as a necessary equitable ground for granting the relief in the last above case. The third proposition of the syllabus, however, in nowise coupled possession of the lessee with his defectively executed lease to constitute a sufficient equity; but it declares the law to be "a lease, defectively executed, will in equity be treated as a contract to make a lease," and says nothing about possession as a necessary equity upon which to grant relief.

Likewise Wood, on Landlord and Tenant (2d ed.) Section 210, in discussing the formalities required in the execution of leases and the inoperative character of leases defectively executed, says: "But, even where an instrument is inoperative, or void as a lease, it may operate in equity as an agreement for a lease," citing cases.

In *Parker* v. *Taswell* 2 DeG. & J., 559, wherein the lease was formally defective for want of a seal, the chancellor, among other things said: "I think it would be too strong to say that because it is void at law as a lease, it can not be used as an agreement enforceable in equity, the intention of the parties having been that there should be a lease, and the aid of equity being only invoked to carry that intention into effect."

In *Cowen* v. *Phillips*, 33 Beav., 18, in a similar case, the Master of the Rolls said: "It is not under seal and, therefore, under the act, it is not a lease; but, although it is void as a lease the question is whether it is not valid as an agreement. I have no doubt that it is a valid contract; and that this court would specifically enforce it." See also Underhill on Landlord and Tenant, p. 332, and note, wherein the author, in discussing the statute of frauds, says: "And the statute does not prevent the instrument, which as containing present demise and not being under seal is void as a lease, from being enforced in equity." See also Fry on Specific Performance (6 Ed.) Section 108 and cases.

The reason a purchaser with notice is bound by prior equities is based upon the equitable doctrine of his conscience being affected by the notice. See 2 Pomeroy's Eq. Jur. (4th Ed.) 688; Fry on Specific Performance, (6 Ed.), Section 205. As said by Lord Rosslyn in *Taylor* v. *Stibbert*, 2 Ves. Jr., 437, "If he is purchaser with notice he is liable to the same equity, stands in his

place, and is bound to do that which the person he represent would be bound to do by the decree."

Besides cases cited in briefs, see the following: *Blacknail v. Parish*, 59 N. C., 70; *Wiser* v. *Rice*, 33 Tex., 139; *McCown* v. *Wheeler*, 20 Tex., 372-373; *Hersey* v. *Lambert*, 50 Minn., 373-379 *Schmidt* v. *Schopmeier*, 96 Ohio St., 586.

The above cases are those of defective deeds, but the principle is the same with respect to leases. And in the next to the last above case where the purchaser bought with notice the court says The court was justified in treating him as a 'prowling assignee, occupied no better position than Smith, his grantor, and subject to the same equities in favor of the plaintiff."

Learned counsel seem to indicate that we are dealing with a verbal or parol contract. Such is not the case. The defective lease, which contains the evidence of the intention of the parties to make a lease and in equity is operative as a contract for a lease, is in writing. Within the lease itself, the intention of the parties is evidenced by the writing to make the lease. As the defective lease shows, the parties intended to make a lease, and a court of equity will treat their intentions, evidenced by the writing, as having been carried out, as between themselves and third persons having notice, on the equitable principle of treating that as done which ought to have been done. Hence, the authorities, cited concerning the enforcement of verbal or parol contracts, are not in point.

It should also be kept in mind that as to the enforcement of real estate contracts, equity may be resorted to, although an action for damages may lie; for it is considered that with reference to such contracts the law may not afford sufficient relief.

Other questions have been discussed in the briefs of counsel which the court does not now deem necessary to decide, believing that the decision on the one question is sufficient for the present. Reaching the conclusion that the Kibler Company on the pleadings has a right of equitable relief for the reasons stated in the opinion, and that the plaintiffs are proper parties to be joined in the suit along with the Kibler Company, the demurrers are accordingly overruled. The motion to dissolve is also denied.